Franklin Jan. 1827.<br>Sinclair vs. Gadcomb.

As to the other ground of error, it may well be doubted at this
day, whether a judgment should be reversed because a wrong
name or denomination was affixed to the sum recovered.   But
without deciding this as a general question, we are of opinion
that the sum adjudged to the plaintiff below was properly recov-
ered as damages.   The 75th section of the judiciary act of 1797
relates to actions on bonds with a penalty where the party is not to
have successive remedies, as is contemplated in section 99 of the
same statute, but is to take his whole satisfaction at once.   In this class
of bonds was the one in question.   Here the formal judgment for
the penalty is dispensed with, and the court is authorised at once
to give judgement for what is due in equity and good conscience.
It is true that no name is given to the smaller or subordinate sum ;
it is not, however, the nominal debt sued for, nor can it perhaps
with strict propriety be called a part of that debt, (where the con-
dition is not for the payment of a lesser sum in money, but for
the performance or forbearance of a collateral act,) but is in truth
the damages sustained by the party.   The entry of judgment in
this form, when justice is otherwise done, cannot be alleged as the
ground of error.   The judgement of the County Court is there-
fore affirmed.

*Bailey*, for plaintiffs in error.
*Aldis* and *Davis*, for defendant in error.

———~o~———

ADDISON COUNTY, JANUARY TERM. 1827,

*Jared Bishop* vs. *Marshal S. Doty.*

An agreement between A and B, that the latter shall raise a single crop or
shares upon the land of A, does not amount to a lease of the land.

If by the terms of such contract the crop (e. g. of grain) when harvested is to be secured in the barn of A, and there threshed by B and divided between them, an attachment of any part as the share of B, before the crop is thus secured, threshed and divided, does not work a severance of the shares.

If after such attachment A takes the part attached and deposits the same in his barn, such taking is not, of course, a tresspass to the officer making the attachment.

ERROR brought to reverse the judgment of *Addison* County Court recovered by *Doty* against *Bishop*, June Term 1825.— The original action was tresspass for taking and carrying away seventy eight shocks of wheat in the straw, brought by *Doty* against *Bishop* and alleging the tresspass to have been committed at *Addison*, Aug. 20, 1824. The cause being tried upon the general issue pleaded and judgment rendered for the plaintiff, the defendant tendered the following exceptions which were duly allowed.

"In this cause after issue joined the plaintiff gave in evidence, in support of the issue on his part, the following facts, to wit:—That in the summer of the year 1823, one *Isaac Farmer* agreed with the defendant to sow and raise upon the defendant's land a crop of wheat upon the following terms to wit. That the defendant should find team and one half of the seed, *Farmer* was to do the labor, and when the wheat was harvested it was to be secured in the defendant's barn and to be threshed out by *Farmer* and divided equally between them. That when the wheat was cut and standing in the field, that part of it for which this action was brought, viz, one half of the wheat *reaped*, was attached by the plaintiff, as constable of *Addison*, as the property of *Farmer* at the suit of one *Southard*. The plaintiff did not take actual possession of the wheat, but left it in the field, leaving a copy in the town clerk's office and also one with *Farmer*. That afterwards the defendant took the wheat and deposited the same in his barn; and for this taking the action is brought. Wherefore the defendant objects that upon these facts the plaintiff's action could not be sustained. But the court overruled the objection, and decided that upon these facts the defendant was liable to the plaintiff in this action. To which decision the defendant excepts" &c.— The common error was assigned.

*Phelps* and *Solace*, for the plaintiff in error, made three points.

1. That under the contract between *Bishop* and *Farmer*, as stated in the bill of excep- tions, *Bishop* was the sole owner of the wheat until it was threshed and divided.

2. If *Farmer* had any interest in the wheat at the time of the attachment he was at most but a tenant in common with *Bishop*, according to the case of *Foote* and *Litchfield* vs. *Colvin*, 3 *Johns. Rep.* 216. And *Bishop* being tenant in common with the officer cannot be liable to him in tresspass for any thing short of a destruction of the property.

3. The attachment was void, the law, under which *Doty* acted, not extending to this case. The statement of the case is sufficient to show the absurdity of extending the statute to it.

*Hawley* for the defendant in error. Previous to the final division of the grain, *Farmer* had the sole interest therein, or at least the exclusive possession, and this was the subject of attachment. The officer by his attachment, succeeded to all the rights of *Farmer*, and acquired the exclusive possession as against *Bishop*. *Bishop's* half of the grain, on a final division, is to be regarded as rent, and implies no interest in him before the division. This case is like the chartering a vessel upon *Lake Champlain* for a moiety of the earnings, in which case it is well understood, that until a division of the earnings, the right to collect them resides wholly with the hirer of the vessel. Admitting that *Farmer* had not the entire interest, yet he was at least a tenant in common of the grain, and when the interest of one tenant in common of a chattel is attached, the entire chattel may be taken away by the officer who acquires, for the time being, an exclusive right of possession against the other owners. He cited—*Esp. N. P.* 402.—*Bul. N. P.* 85.—9 *Johns.* 108—113.—*Salk.* 393.— *Doug.* 650.—*Shower*, 169.—15 *Johns.* 179.—1 *East*, 367.— 3 *Johns.* 175.

Royce, J. delivered the opinion of the court.

We are satisfied, as well from the authorities consulted, as from the reason and justice of the case, that *Farmer* was not to have and did not acquire, a sole and entire interest in the crop of wheat at any period. He could not derive such an interest from any estate in the soil, for he had none beyond the naked right of rais-

ing this crop of wheat ; and it cannot be admitted, that a contract, like the present, for raising a single crop, operates as a lease of the land. *Bishop* and *Farmer* must be taken to have had a joint interest in the crop at the time of the attachment.—*Cro. Eliz.* 143. *Hore and others* vs. *Celey.* —3 *Johns.* 216. *Foote and Litchfield,* vs. *Colvin.*

Admitting that the share of *Farmer* was subject to attachment before a final division, which there is no occasion now to controvert, and waiving the question whether the attachment was sufficiently consummated to hold the property, it remains to be considered whether the subsequent act of *Bishop* in removing the wheat to his barn, rendered him liable to an action of trespass. By the contract between *Bishop* and *Farmer,* no severance of their shares was to take place till the wheat was threshed in *Bishop's* barn. Each party, and especially *Bishop,* had a manifest interest in the due observance of this stipulation ; for it would be extremely prejudicial to farmers, if crops which they allow to be raised on shares, could be transported from their premises before a regular and ultimate division. The attachment did not effect a legal severance, though the officer took one half of the wheat which was reaped ; because many things might happen to render this premature and partial division, as unjust to *Bishop* as it was repugnant to the terms of the contract. The interest of *Bishop* then continued, as well in the portion attached as in the rest of the crop, and what has he done to subject himself to an action ? The officer left the wheat in the field, and the attachment may well be supposed to have suspended the further progress of *Farmer* in harvesting this part of the crop. Under such circumstances *Bishop* removes the wheat to his barn, the place of its proper destination under the terms of the agreement. Nothing appears in this case, to show that this act was not necessary for the preservation of the property, or that it was done in hostility to the rights of the officer, whatever they were. It was therefore an act of which the officer has shown no reason to complain.

Judgment of the County Court reversed.

*Phelps* and *Solace,* for the plaintiff in error.

*Hawley,* for the defendant in error.