## GEORGE W. CARVER v. GEORGE W. ADAMS.

*Petition. Docket Entries. Judgment. Debt. Damages. Offset. Taxation of Costs. Ad Damnum. Record. Clerk. Appeal.*

The Supreme Court is unable, on petition or appeal from the clerk, to correct errors in taxing costs which are not apparent upon the face of the taxation, unless such errors are disclosed either by proof, or by a report of the facts from the clerk.

It is the better practice to require the appellant from the clerk's taxation, to procure a report from the clerk of his finding upon all questions of fact material to be understood in passing upon the alleged error, so that the court may be relieved from hearing testimony upon these minor matters.

The *ad damnum* in the writ in the case, the record of which this petition seeks to correct, was $200. The damages recovered were $247.13, as shown by the docket entry; but the record states particularly how this sum is made up: "that the action was debt; that the plaintiff recovered as debt, $129.29, and as damages, $140 34; that the said debt and damages amount in the whole to $269.63, and deducting therefrom the defendant's recovery in offset, $22.50, there is left a balance which it is adjudged the said defendant is in arrear, amounting to $247.13,

for which, with costs, the plaintiff may have execution." *Held*, the record being thus definite, it is no error to name this sum *in arrear* as *damages* upon the docket or in an execution.

*Held*, that it was not material whether the offset was deducted from the debt or the damages.

PETITION to the supreme court to correct docket entries. The petition sets forth, among other things, that on the 19th day of December, 1855, the petitionee commenced, in the Rutland county court, an action of debt on judgment against the petitioner, and that the petitioner filed a declaration on book in offset in said suit; that an auditor was appointed to audit the accounts, who reported against him, and judgment was rendered by said county court against the petitioner, both upon said declaration in offset, and in said suit, and that the defendant took exceptions thereto, and that the supreme court reversed the decision of the county court, and rendered a judgment in favor of the petitioner upon the report of the auditor, which judgment was offset, and applied, so far as it went, towards the debt or damages against the petitioner, and judgment was rendered in favor of the petitionee for the amount of the judgment declared upon in his original writ, after deducting therefrom the amount of the judgment so recovered in offset; that there were several errors in favor of the petitionee made in taxing the costs, and that the petitioner appealed from the decision of the clerk in reference thereto, to the supreme court, or to one of the judges thereof, and due notice of the same was given, and the parties, by their attorneys, appeared before the HON. LOYAL C. KELLOGG, one of the judges of the supreme court, for a hearing, but Judge KELLOGG refused to consider said appeal for the reason that, in his opinion, he had not the authority to review the taxation of costs, or to correct any error therein, as it appeared that an execution had been issued on said judgment.

The petitioner also alleges that the clerk, by direction of the attorney of the petitionee, entered up judgment on the docket in favor of the petitionee for $247.13 damages, when the *ad damnum* in his writ was only $200., and for $27.86 costs, when he was entitled to a much less sum, and prays that the clerk may be ordered to correct the entries upon the docket, and make such entries therein as the parties

36

are entitled to, and make a record of the true amount of the debt upon which the petitionee recovered said judgment, and also the true amount of damages and costs, which he was legally entitled to, &c.

It appeared from the affidavit of the attorney for the petitionee, that he struck out all the items in the bill of costs of the petitionee that were objected to by the attorney for the petitioner before the clerk.

*Reuben R. Thrall,* for the petitioner.

*W. H. Smith,* for the petitionee.

The opinion of the court was delivered by

STEELE, J. This is a petition to amend the docket entries and record as to damages and costs, in a case which was heard in this court two years ago.

It seems that as to the costs there has been already a substantial compliance with the petitioner's claims. If this were not so, we should be unable, on petition or appeal from the clerk, to correct errors which are not apparent upon the face of the taxation, unless such errors are disclosed either by proof, or by a report of the facts from the clerk. It is the better practice to require the appellant from the clerk's taxation, to procure a report from the clerk of his finding upon all questions of fact material to be understood in passing upon the alleged error, so that the court may be relieved from hearing testimony upon these minor matters.

The principle subject of complaint, and the only one so before us as to be susceptible of revision, is the alleged error in the docket entry of the plaintiff's recovery in the case *Adams* v. *Carver,* of $247.13 as damages. It is admitted that this is a correct statement of the amount of the plaintiff's recovery, but it is urged that it is called by the wrong name. The record states particularly and accurately how this sum is arrived at and made up; that the action was debt; that the plaintiff " recovered *as debt,* $129.29," and " *as damages,* $140.34 ;" that " the said debt and damages amount in the whole to the sum of $269.63, and deducting therefrom the defendant's

recovery in offset, $22.50, there is left a balance which it is adjudged the said defendant is *in arrear*, amounting to $247.13, for which, with costs the plaintiff may have execution." It was not material whether the offset was deducted from the debt or the damages. It was entirely regular to deduct the offset from the sum of the debt and damages and the balance is properly termed the *sum in arrear*. The record being thus definite it is no error to name this sum *in arrear* as *damages* upon the docket or in an execution. As long ago as in *Sinclair* v. *Gadcomb*, 1 Vt. 37, it was held that the sum due in equity upon a jail bond could be recovered under the general name of damages, or at least, to use the language of ROYCE, J., "the entry of judgment in that form when justice is otherwise done cannot be alleged as ground of error." It is suggested that if the sum in arrear is entered as damages upon the docket and in the execution, it will not be in harmony with the original writ, the sum recovered being greater than the *ad damnum*. The writ claims debt and damages. The record shows a recovery of technical debt and of technical damages quite inside the claim of the writ. These amounts are particularly stated and from their sum the offset is deducted, and the balance, which is the real recovery, is simply called by the general name of damages. As all this appears upon the face of the record. we see no occasion to correct or amend the docket entry, and the petition is dismissed.