**152**

JOHN GANAWAY *v.* CHARLES MILLER.

In an action of account under the statute, the declaration should set forth, distinctly, all the grounds upon which the plaintiff claims to hold defendant to an accounting.

Under a contract for cultivating a farm and dividing the produce and profits the expense of keeping a team and of providing tools and seed may be recovered in an action of account against defendant as bailiff and receiver, under our statute.

A party cannot be compelled to account as bailiff and receiver, under a contract for joint occupancy of land and division of its profits, until the expiration of the time specified in the contract for such occupancy.

THIS was an action of account, brought before a justice of the peace, in which the plaintiff charged the defendant as bailiff and receiver, alleging that, from the 24th of March to the 18th of November, 1841, they were tenants in common of a certain farm, under an agreement by which the plaintiff was to furnish a team, and perform the labor necessary to cultivate said farm, and the parties were to share equally the produce and profits thereof, and pay equal shares of the expenses of the tools, and the keeping of the team, necessary to carry on the same ; and that the defendant, during that time, received the whole of the produce and profits of said farm, and did not bear an equal share of the expense of keeping the team and furnishing the tools.

The case was brought, by appeal, to the county court, where a judgment to account was rendered, and an auditor appointed who reported, that he found that the plaintiff moved on to the defendant's farm about the 20th of March, 1841, but did " not find that the precise terms of the taking ' were agreed upon any further than that the plaintiff was to ' furnish a pair of horses to work on the farm without charge ' for use, and that the taking was for a year from the 20th of ' March, 1841." He further found that the plaintiff did the work on said farm, and that " the crops were divided, ' and each of the parties received his share of the produce ' of said farm, and that the plaintiff left the farm on the ' 18th of November, 1841, without the license of the de- ' fendant." And he further found that the plaintiff expended, for keeping the team and providing the necessary tools, above his equal share, the sum of $13.26, and that he expended for seed, over and above his share, the further sum

of $4.46, amounting, in the whole, to $17.72, which he reported to be due from the defendant to the plaintiff.

To this report the defendant excepted, and, on a hearing of the exceptions, the county court rendered a judgment in favor of the defendant; to which judgment the plaintiff excepted.

*L. E. Pelton,* for plaintiff.

The action of account is the appropriate remedy where one receives more than his portion of the profits of land taken upon shares. *Albee* v. *Fairbanks,*10 Vt. R. 314.

The lease not having expired at the commencement of the action, forms no valid objection to a recovery, as it was the duty of the auditor to adjust all accounts between the parties up to the time of the audit. Rev. Stat. 220, § 9.

The items of seed-grain, repairs of tools, keeping of the team, &c., may be recovered in this form of action, because they grew out of the contract for taking the farm, and are inseparably connected with its execution. Ganaway has advanced more money than Miller for their joint benefit, and before the balance can be ascertained, their whole dealings, in connexion with the farm, must be adjusted; and this can only be done by the common law action of account, or a bill in equity.

An action of account is the proper remedy where one partner advances more money than his co-partner for their joint benefit.

The auditor did not err in allowing the seed-grain, though not specified in the declaration, as this claim grew out of the letting of the farm, and might be properly allowed in offset to Miller's claim for hay and grain to keep the team, which bore the same relation to the joint tenancy.

*Smalley & Adams,* for defendant, contended that the plaintiff and defendant were not tenants in common, so as to enable the plaintiff to maintain an action of account, under our statute; but that, admitting that the judgment to account precluded the defendant from insisting, before the auditor, that he was not bailiff and receiver, or tenant in common, yet, as the auditor reported that each party had received his

share of the produce, there was an end to this action, so far as the rents and profits were concerned.

They also contended that the plaintiff could not, in this action, recover for any breach of contract on the part of the defendant, in not furnishing his proportion of keeping for the team, and his proportion of the seed, because, 1st, the action of account is not adapted to such a case ; *Wheeler v. Howe*, Miller's R. 208 ; *Brainard, Adm. v. Mayo*, 9 Vt. R. 31; and 2d, because, even if the action of account could be maintained in this case, it could not be brought until after the expiration of the year for which the premises were rented, which was the 20th of March, 1842, while the action was commenced on the 23d of November, 1841.

The opinion of the court was delivered by

HEBARD, J.—The first objection to a judgment upon the report is, that the auditor finds that each party has received his share of the produce of the farm, and that the indebtedness found by the auditor is not a proper subject of accounting.

The declaration charges the defendant as standing in such a relation to the plaintiff as, if true, would, under our statute, which is similar in its provisions to the statute of the 4th Anne, hold him to an accounting ; and as the expenses of keeping the team, and furnishing tools and seed, would necessarily constitute one of the elements entering into the general result of interest or profits to be divided between the parties, they may well be included in any accounting which shall embrace such interest or profits.   But as the declaration, in an action under the first section of our statute "of account," should set forth, distinctly, all the grounds on which the plaintiff claims to hold the defendant to an accounting, and as, in this case, the obligation of the defendant to account for half the seed-grain was not claimed in the declaration, it cannot be recovered in this action.   And, besides, it having been found by the auditor that the produce had been shared equally, the presumption would be that the seed-grain had been accounted for in the division.

The expense of keeping the team and furnishing the tools being a proper subject of accounting between these parties, the question arises—shall the defendant be held to account

for a balance existing against him on the 18th of November, 1841 ? The auditor has found that the plaintiff left the premises on that day without the license of the defendant, and that the contract between the parties was for the occupancy of the premises by the plaintiff for a year, terminating four months after that time, namely on the 20th of March, 1842. It does not follow that, because there was a balance against the defendant at the time of the plaintiff's leaving the farm, there would have been, at the termination of the period provided in the contract for his occupancy of it. No balance can be recovered which does not embrace the transactions between the parties under the contract for the entire year. And, besides, it is not for the plaintiff to claim a fulfilment of the contract when he was the first to disregard it. It is well settled that when one party has partly fulfiled a contract and refuses, without good cause, to complete it, he cannot recover for what he has done.

The judgment of the county court is affirmed.