## JESSE STEDMAN *v.* LOTON GASSETT.

If a chose in action be assigned absolutely, prior to the commencement, by the assignor, of proceedings in bankruptcy, his discharge and certificate in bankruptcy will constitute no objection to the prosecution, by the assignee, in the name of the assignor, of a suit upon the claim.*

When a farm is leased for one year by parol, on a contract that the lessee shall cultivate the farm and that the produce shall be equally divided between the lessor and lessee, the lessor may sustain an action of account against the lessee, after demand and refusal to account.

And a demand upon the lessee for a proper *division of the crops*, made after they have been stored and before the expiration of the year, is sufficient, in case of non-compliance on the part of the lessee, to entitle the lessor to sustain account, without waiting until the crops are consumed, or disposed of, by the lessee, and then demanding an account of the avails.

Where the mortgagee suffers the mortgagor to remain in possession of the premises after condition broken, the latter is tenant by sufferance merely, and may be evicted by the mortgagee, without notice to quit.

And though the mortgagee have given to the mortgagor a lease of the premises for a term of years, yet, at the expiration of the term, the former liabilities of the mortgagor will be revived and continued, and he will be held tenant by sufferance merely.

And if, after the expiration of the term, the mortgagor lease the premises by parol to a third person, such third person can stand in no better condition than the mortgagor, as respects the mortgagee.

Though there may have been no actual eviction, by the mortgagee, of the *tenant of the mortgagor*, where the tenancy was created subsequent to the mortgage, yet if the mortgagee have given notice to the tenant of his mortgage, and have demanded that the rent should be paid to him, and the tenant has continued in possession, not objecting to or repudiating the demand, he is not liable to the mortgagor for the rent.

If the mortgagor, having, after condition broken, taken from the mortgagee a lease of the premises for a term of years, convey his equity of redemption, before the determination of his tenancy, to a third person, the mortgagee has still a right to treat him, at the end of his term, as in possession as mortgagor, and he will not become tenant from year to year, but will be still liable to eviction at any time, by the mortgagee, without notice to quit.

*See *Hayden* v. *Rice, post.*, Windsor Co., and note.

ACCOUNT. The plaintiff alleged, in his declaration, that the plaintiff and defendant were tenants in common of a farm and certain personal property, and that the defendant was bailiff of the plaintiff of the same from the first day of April, 1840, until the first day of April, 1841. The defendant pleaded, that he was not bailiff of the plaintiff, that the plaintiff had not demanded an accounting, and that he was not tenant in common with the plaintiff of the premises and property described. Trial by jury,—HEBARD, J., presiding.

On trial the plaintiff introduced evidence tending to prove, that in April, 1840, the plaintiff and defendant entered into a parol agreement, by which the defendant was to cultivate the farm, on which the plaintiff then lived, upon shares,—the produce of the farm to be equally divided between them; that, pursuant to the agreement, the defendant took possession of the farm and occupied it through the year; that, at the time he took possession it was agreed, that the plaintiff should give to him a written lease of the farm,—but that none was in fact executed; and that, in the course of the next winter, the plaintiff called upon the defendant to divide the crops, and the defendant refused to do so, assigning as a reason, that it did not appear by the records that the plaintiff owned the farm, and that the plaintiff had not given him a lease, as he agreed, but saying, that, if the plaintiff would give him a lease, he would divide the crops. No other testimony was given in relation to a demand. Evidence was also given, tending to prove that the defendant raised hay and grain upon the farm, and that he had sold the same and received pay therefor.

The defendant then gave in evidence a warrantee deed from the plaintiff to Nathaniel Fullerton, dated May 25, 1837, and conveying the same farm; and also a writing a defeasance of the same date, by the terms of which Fullerton was to re-convey the farm to the plaintiff upon payment by the plaintiff of certain promissory notes. The defendant also introduced evidence, tending to prove that the condition of the defeasance had not been complied with, and that Fullerton, in May, or June, 1840, notified the defendant that he held a mortgage of the farm, and that the defendant must not pay any rent to the plaintiff, nor make any division of the crops with him, but must pay the same to Fullerton. The defendant also gave in

evidence, a deed of assignment, executed by the plaintiff, dated August 7, 1839, by which he conveyed to Henry Barnard, in trust for his creditors, all his interest, whether legal or equitable, in real estate, including the equity of redemption in the premises in question. The defendant also gave in evidence a written agreement, signed by the plaintiff and Fullerton, dated April 1, 1838, by which Fullerton gave to the plaintiff the right to manage and control the premises for one year, either by occupying it himself, or by leasing it to some third person, and an indorsement upon the contract, signed by the same parties, dated April 1, 1839, by which the contract was extended to the first day of April, 1840. The defendant also gave in evidence the certificate of the plaintiff's discharge in bankruptcy, dated May 25, 1843.

The plaintiff then introduced evidence, tending to prove that he was in possession of the farm at the time he executed the deed to Fullerton, and that he continued to occupy it, except during the time that it was in possession of the defendant, until the commencement of this suit. The plaintiff also gave in evidence an assignment from himself to William Marsh, dated April 1, 1841, by which he assigned to Marsh all claims in his favor against the defendant. The writ in this case was served the twenty third day of April, 1841.

The court instructed the jury, that, if the testimony was believed, the defendant was entitled to a verdict. Verdict for defendant. Exceptions by plaintiff.

*N. Richardson* and *S. Fullam* for plaintiff.

1. The plaintiff and Fullerton did not stand in the relation of mortgagor and mortgagee. On the first day of April, 1838, the plaintiff consented to become a tenant under Fullerton, and took a lease from him ; and as he continued in possession without any new agreement, the court will presume, that he was in possession according to the terms of the original lease, when he made the contract with the defendant in the spring of April, 1840. *Rigge* v. *Bell*, 5 T. R. 471. *Evertsen* v. *Sawyer*, 2 Wend. 507. Chit. on Cont. 258. 4 Kent 112. At the time of this transaction the plaintiff had no interest in the equity of redemption, having previously conveyed to Barnard. The plaintiff, being thus in possession, had a right to

Stedman *v.* Gassett.

underlet. 4 Kent 96. The defendant took possession and remained upon the farm under the contract with the plaintiff to carry it on upon shares; they were joint tenants, or tenants in common, of the produce, &c., and the defendant is accountable to the plaintiff in this form of action. *Alba* v. *Fairbanks,* 10 Vt. 314. Again, the notice, which Fullerton gave to the defendant in May, or June, did not affect the rights of the parties. The defendant was not thereby absolved from his liability to the plaintiff, nor rendered liable to Fullerton. 1 Chit. Pl. 36. *Holford* v. *Hatch,* Dougl. 183.

2. If the court consider, that the relation of mortgagor and mortgagee did exist between the plaintiff and Fullerton, we insist, that the notice, which Fullerton gave to the defendant, was not such an act on the part of Fullerton, as would render him liable to account to the mortgagor, or to the owner of the equity of redemption, for the rents and profits from the time of giving the notice, and that it does not entitle him to any action against the defendant, nor deprive the plaintiff of his action. *Wilson* v. *Hooper,* 13 Vt. 653. *Hooper* v. *Wilson,* 12 Vt. 695.

3. We insist whether the plaintiff be considered a tenant from year to year, a tenant by mortgage, or a tenant at will, that he can sustain this action against the defendant, and that the notice given by Fullerton in May, or June, after the defendant took possession, constitutes no defence.

4. The assignment to Marsh is a complete answer to the petition, decree and discharge in bankruptcy, put into the case by the defendant. The assignee, Marsh, may pursue the action in the name of the plaintiff, Stedman, notwithstanding his bankruptcy. *Carpenter et al.* v. *Marnell,* 3 B. & P. 40. *Arden* v. *Watkins,* 3 East 317.

*L. Adams* for defendant.

1. The defendant was not the bailiff of the plaintiff. *Reed* v. *Shepley,* 6 Vt. 602. *Lyman* v. *Mower,* 6 Vt. 345. 1 Chit. Pl. 9. 3 Chit. Pl. 993, note (w.) *Babcock* v. *Kennedy,* 1 Vt. 457. *Keech* v. *Hall,* Doug. 21. *Hegan* v. *Johnson,* 2 Taunt. 148. Story's Pl. 170, 285. *Lewis* v. *Wallis,* 1 Wils. 314. *Pope* v. *Biggs,* 9 B. & C. 245, [17 E. C. L. 368.] *Swift* v. *Dean,* 11 Vt. 323. *Estwick* v. *Way,* 1 T. R. 736. *Williams* v. *Bartholomew,* 1 B. & P. 325. *Green* v. *Biddle,* 8 Wheat. 1, [5 U. S. Cond. R. 381.] 3 Bac. Ab. 421, 441–443. *Newsome* v. *Graham,* 10 B. & C. 234.

2.   The parties were not tenants in common.   *Brainard* v. *Burton,* 5 Vt. 97.   *Manwell* v. *Manwell,* 14 Vt. 14.   *Hurd* v. *Darling,* 14 Vt. 214 ; 16 Vt. 377.

3.   There was no demand to account, prior to the comencem ent of the action.   *Chadwick* v. *Divol,* 12 Vt. 499.

4.   If the plaintiff can sustain any action, it is not account.   Bac. Ab., *account.*   9 Vt. 31.

The opinion of the court was delivered by

ROYCE, J.   The proceedings in bankruptcy constitute no objection to the prosecution of this action in the plaintiff's name, as the claim sought to be enforced had been previously assigned to Marsh.

It is objected, that the relation between these parties was not such, even in the outset, as to entitle the plaintiff to support the action of account.   But it appears, that their contract was by parol, and, as it would seem, for a year only,—that the defendant was to carry on the farm upon shares, and that the produce was to be equally divided between them.   And we think, that, in accordance with the doctrine held in *Bishop* v. *Doty,* 1 Vt. 37, *Albee* v. *Fairbanks,* 10 Vt. 314, and *Ganaway* v. *Miller,* 15 Vt. 152, they would acquire such a joint interest in the crops, when raised, that the action of account might properly be sustained.

We are also disposed to consider that a sufficient demand was made, before bringing the action.   A division of the crops was the mode of accounting, which the agreement primarily contemplated. It would seem, therefore, that a timely demand of such division was all that was requisite ; and that the plaintiff was not bound to wait until the crops were consumed, or disposed of, and then renew his demand for a different accounting.

Upon the remaining questions in the case the argument has proceeded, as well on the ground that the plaintiff sustained the relation of mortgagor to Fullerton during the period for which the account is claimed, as upon the ground that he had previously divested himself of that character by his general assignment and conveyance to Barnard.   It is not perceived, however, that, in this case, these different views of his interest should lead to different results.

If he continued to possess the rights of mortgagor, his liabilities as such were also revived and continued, upon the determination

of his special tenancy on the first of April, 1840. *Mayo* v. *Fletcher*, 14 Pick. 530. According to the current of authority, as recognized and followed in this state, he was thereafter a tenant at sufferance, in effect, if not in name, and, as such, liable at all times to be evicted by Fullerton, without notice to quit. *Doe* v. *Giles*, 5 Bing. 421. *Doe* v. *Maisey*, 8 B. & C. 767. *Wilson* v. *Hooper*, 13 Vt. 653. The decisions to this effect have been uniform in England, as well as in this and most of the neighboring states. And as one tenant at sufferance cannot make another, it is apparent, that the defendant stood in no better condition in respect to Fullerton. *Keech* v. *Hall*, Doug. 21. *Thunder* v. *Belcher*, 3 East 449. *Mayo* v. *Fletcher* above cited.

But it is contended, that as the defendant took possession under the plaintiff, and was not actually evicted, he is estopped to deny the plaintiff's title, and can claim no protection under the rights of Fullerton. In order to determine the correctness of this conclusion, it becomes necessary to inquire, what effect should be given to the notice from Fullerton to the defendant soon after the latter took possession, and the demand which Fullerton then made, to have the rent, or moiety of the produce, rendered to him, and not to the plaintiff. According to the view expressed by Lord Mansfield in *Keech* v. *Hall* above cited, and in *Moss* v. *Gallimore*, Doug. 279, and by the judges in *Pope* v. *Briggs*, 9 B. & C. 245, the mortgagor, in receiving rents from his tenant, whether the tenancy was created before or after the mortgage, should be considered as acting by the implied assent and permission of the mortgagee, and that his authority must therefore cease, whenever the mortgagee chooses to interfere by giving the tenant notice of his mortgage, and requiring payment to be made to himself. But this has since been controverted, in reference to a tenancy created *subsequently* to the mortgage, on the ground that the mortgagor has no right, without the concurrence or assent of the mortgagee, to grant such a lease ;—and as the lease creates no privity or contract with the mortgagee, that he cannot, by a mere notice and requisition, impose upon the tenant the obligations of a contract ;—that he must either cause an actual eviction of the tenant, or become his landlord by a new contract, express, or implied, (which will generally operate as a constructive eviction,) in order to extinguish his liabilities to the mortgagor. *Partington*

v. *Woodcock*, 5 N. & M. 672; 6 Ad. & El. 690. *Evans* v. *Elliot*, 9 Ad. & El. 342.

Hence it becomes an important question, in a case like the pres-- ent, where no actual eviction has taken place, what shall amount to a constructive eviction and new tenancy under the mortgagee. In most of the cases bearing upon this question, where the new contract was not shown by a lease, or other direct and express evidence, a most material fact has appeared, which this does not disclose, viz, an actual payment of rent to the mortgagee. But the conduct of the parties may sufficiently manifest the existence of the contract, without the aid of that fact. It was accordingly decided in *Brown* v. *Storey*, 1 M. & G. 117, where the mortgagee had given notice to the tenant and required the rent to be paid to him, and the tenant had continued in possession, not objecting to, or repudiating, the demand, that his consent and acquiescence had been properly found by the jury. And in *Babcock* v. *Kennedy*, 1 Vt. 462, this court held, that the demand of the mortgagee, unless repudiated by the tenant, gave the former a right to the future rents, and that the tenant was no longer liable for the same to the mortgagor. See also *Swift* v. *Dean et al.*, 11 Vt. 323. We think these authorities quite sufficient to determine the question in favor of the defendant.

It is obvious, that the plaintiff can gain nothing by disavowing the character of mortgagor during the period in question, since he cannot claim to have become tenant from year to year. Though he should be deemed a tenant for years until April 1, 1840, it was as mortgagor that he received that estate, and Fullerton had a right to treat him as such at the end of his term. He should therefore be regarded in the light of a mortgagor, remaining in possession without any binding assent of the mortgagee, or else in that of a mere wrong-doer and trespasser. If regarded in the former view, the respective rights of these parties, as well as those of Fullerton, have already been considered;—and if in the latter, it is manifest, that his rights could not be thereby enlarged, nor those of the defendant or Fullerton diminished.

Judgment of county court affirmed.