Hon. PIERPOINT ISHAM, ⎫
Hon. MILO L. BENNETT, ⎬ Assistant Judges.

HARVARD
LAW SCHOOL
LIBRARY

## William H. Joy v. John Walker.

*Account.*

The declaration in an action of account need not specify all the items for which an account is claimed. It should set forth the contract or relation from which the right to an account arises; and before the auditor all items which are connected and consistent with that contract or relation may be presented and adjusted.

Items which may be adjusted before an auditor in an action of account, though not specified in the declaration which alleges generally that the defendant was bailiff to the plaintiff of a certain farm, to make profit thereof, and yield and pay to the plaintiff one-half of the rents, issues, profits and income of the same.

18

ACCOUNT. The plaintiff declared, "that the said John Walker was bailiff to the plaintiff of a certain messuage or farm with the appurtenances belonging to the plaintiff, situated, lying and being in Townshend, in the county of Windham aforesaid, it being the plaintiff's old hill farm, so called, from the 22d day of March, 1852, to the 22d day of March, 1853, and during the term aforesaid, by consent and agreement with the paintiff, the defendant had held and enjoyed the occupation of the premises aforesaid, with sufficient power to control and manage the same to advantage, and to make profit thereof from the issues and crops produced thereon for the plaintiff. And the said John Walker was also bailiff to the plaintiff as aforesaid, of nineteen cows of the plaintiff upon the premises, to make profits therefrom and to be returned at the end of the term aforesaid; and also of nine tons and a half of hay upon said premises, to be returned in kind at the end of the year aforesaid. And the plaintiff says that the profits of said premises and the said cows, and the profits and income of the said cows with the said hay so to be left upon the premises to the use of the plaintiff, to wit: the said John Walker to yield and pay to the plaintiff the one-half of the rents, issues, profits and income of the same at the end of the term aforesaid; all which said nineteen cows, nine and a half tons of hay and the said rents, issues and profits of all the premises, is of the value of eight hundred and fifty dollars. Yet the said John Walker hitherto hath and still doth wholly neglect to pay and deliver the same to the plaintiff or to render his reasonable account therefor, though often requested and demanded so to do."

The action was entered in the county court at the April Term, 1853; at which term the defendant filed a declaration on book account in offset. Judgment to account was rendered upon the declaration on book account and an auditor appointed, who reported at the September Term, 1853; and, at the same term, an auditor was appointed in this action, judgment to account having been rendered thereon; and at the September Term, 1854, the auditor filed his report, in which the facts reported were as follows:

The plaintiff owned a farm in Townshend, and on the 22d day of March, 1852, he rented it to the defendant for one year upon the following conditions: The plaintiff was to put on to said farm,

for the defendant's use, eighteen or twenty cows and one yoke of oxen. The defendant was to put on, for his own use, one cow and one other cow and one horse for the joint use of the parties. At the expiration of the term the products of the farm and stock were to be equally divided, and the plaintiff's portion of the stock was to be returned in good condition.

The defendant owned some poultry, which by a subsequent agreement were to be kept upon the farm, and the products thereof equally divided. Upon an adjacent farm which the plaintiff owned there was a sugar orchard which was to be carried on by the defendant at the halves, and the wood there which was already prepared was to be used, and the same amount of wood, in the same condition, was to be left by the defendant at the expiration of his term.

There was a quantity of hay upon the farm on the 22d day of March, 1852, which belonged to the plaintiff, and, by agreement between said parties, the defendant was to feed it to the stock, and an amount of hay, equal to the amount thus used, was to be left upon the premises at the expiration of the term.

In the plaintiff's account, against himself and the defendant were sundry charges for corn, rye and oats for the hogs and for the cows and calves, turnips, grinding corn and cobs, pork, pigs, plaster, salt, butter tubs, corn and potatoes taken and used by the defendant in his family, poultry sold and not accounted for and wood in sugar house, which the auditor reported were all for articles which should have been furnished at the joint expense of the parties, or were their joint property, and he allowed them at what he found to be their value. The auditor also found and reported that the defendant should have left upon the farm, at the expiration of the year, eight tons of hay more than he did leave, which he also allowed as a part of the plaintiff's account at its value at that time, and one-half of the amount reported as the value of the foregoing articles the auditor found would be due from the defendant, together with the full amount of four other charges in the plaintiff's account, which were for potatoes to plant and oats to sow which the plaintiff has furnished. The plaintiff had also charges in his account for keeping five calves and two horses which belonged to the defendant, and were kept on the joint property of the parties, and were

not a part of the stock which was to be kept on the farm; and a further charge for keeping seven cows which were a part of the eighteen belonging to him which were put on to the farm, but were taken away by the plaintiff in the fall and kept during the winter on hay in which the defendant had no interest. The auditor found that the plaintiff was entitled to be allowed these charges, and he did allow and adjust them in determining the amount of the hay which the defendant should have left upon the farm at the end of the year; and in determining this amount it appeared that in an adjustment of the book accounts between these parties upon the declaration in offset which the defendant had filed in this suit the plaintiff had charged and was allowed for keeping two horses of the defendant's which were kept out of the joint hay, and the amount so allowed was deducted by the auditor in arriving at the the result above mentioned.

The auditor reported that none of the oats, corn or potatoes charged in the plaintiff's account, with the exception of those used by the defendant's family, were the products of the farm the season it was occupied by the defendant.

Exceptions were taken to the report of the auditor, pending which, leave was obtained by the plaintiff to amend his declaration. Exceptions were taken to the allowance of the amendment, and to the declaration as amended the defendant demurred; and upon hearing the demurrer was sustained, to which the plaintiff excepted. Thereupon the cause passed to the supreme court, at the February Term, 1856; at which term the order of the county court allowing the declaration to be amended was set aside, as reported in the 28 Vt. 442, and the cause continued for a hearing upon the report; and at the present term such hearing was had. The nature of the exceptions to the auditor's report sufficiently appears in the opinion of the court.

*A. Stoddard,* for the defendant.

*Roberts & Kellogg,* for the plaintiff.

The opinion of the court was delivered by
REDFIELD, CH. J. This is an action of account for not ren-

dering a just account while the defendant was plaintiff's bailiff of his farm in Townshend, called the "old hill farm," for one year from the 22d March, 1852, and also of nineteen cows for the same time and to be returned at the end of the term, and also of nine tons of hay to be returned in kind at the end of the term.

A question is made whether the plaintiff can under the declaration claim an account for money paid out by him to procure materials or work in carrying on the farm, such as pigs, grinding corn, and the furnishing of seed to be used on the farm, turnips, which seem to have been used on the farm, fed to the stock probably, keeping cows, calves and horses, which seems to have been when the plaintiff kept stock which of right should have been kept on the products of the farm, corn taken for the defendant's family being the product of the farm, which comes into the same category, and potatoes taken for his family. The wood not left in sugar house is resisted upon other grounds. So also of the hay not left on the farm and cows not kept. It is urged too that the plaintiff charged the defendant for keeping two horses out of the same hay in the plea in offset and was allowed to recover, and that this should preclude him from claiming to recover on other grounds in this action.

In considering these questions in detail we do not esteem it necessary that the declaration should specify all the items for which the defendant is called to account, or indeed the subject matter of each item, but only the transaction out of which the account is claimed. The defendant has no occasion to know the items of the account in order to prepare his defense. It is not to the separate items, or to the separate series of items to which in this action the defendant can plead. It is to the contract or relation out of which the account is claimed that a plea in bar can be made available. The items are to be met and answered before the auditor. One defense proper to be made there is that the items do not fairly consist with the contract or relation forming the foundation of the action.

Hence these items were properly enough objected to on that ground. But it seems to us that most of them are connected with the carrying on the farm for the joint benefit of the parties, and that they are necessary to be taken into the account in determining

the profits, and whether the defendant has given an account of what he received "*more than his just share.*" The seed certainly goes into that account. This is expressly decided to form an element in the account of profits of a farm. And the marginal note in *Ganaway* v. *Miller*, 15 Vt. 152, cited in argument, is that the expense of seed may be recovered in an action of account under a contract for cultivating a farm and dividing the profits and produce. What the judge says in regard to the necessity of specifying these items in the declaration is expressly contradicted by what is before said, that this is part of the account, and by what follows, that as the auditor finds that the produce had been shared equally it was to be presumed the seed had been adjusted.

The same reasoning will apply to the potatoes furnished to be fed out on the farm and the pigs and the grinding corn. They are necessary to be taken into account in determining the amount of profit and to which party it belongs. The declaration does specify the hay and there is no more difficulty in adjusting the account than if the hay were money capital put into the concern, and those matters are always adjusted in settling a partnership account, and the declaration never counts upon the items of the partnership account, and not always upon the capital put in by either or both parties.

The charge for keeping horses, cows and calves seem to be such animals as were to be kept on the farm, but which the plaintiff took and kept himself by consent of defendant. We do not see how this would excuse the defendant and entitle him to keep the hay or half of the hay which these animals would have eaten and which the plaintiff had furnished out of his own barn. This would certainly be inequitable ; nor do we think it the legal result of the facts reported. Nor does it seem to us that this item is really a claim for damages for not performing a special contract. It seems to us to be nothing more than a claim for the hay which the plaintiff put into the common concern, by keeping these cattle which it belonged to the joint concern to keep. It really stands very much in the same condition as the seed and other things put on the farm by the plaintiff and consumed, and for which he is entitled to be allowed as so much capital put in.

So too of the charges for corn and potatoes used by the defendant and his family which by the contract he had no right to use. This

is only charging the defendant with such of the avails of the enterprise as have already come to his use.   This would seem indispensable in  determining  whether  he has  received  more  than his just share.

The  claim  for  not  leaving  wood  in  the  sugar  house  does not appear to  be  a  part of  the carrying  on of  the old  hill  farm under the  contract.   And  the  plaintiff  having  obtained  an  allowance  in offset  of the item for keeping the defendant's horses out of  the  joint hay, which  might  probably  have been  more  properly  claimed  in this action,  will  not,  we think,  affect  his  claim here  beyond the amount there allowed.

The  poultry  seems  to have  formed  part of  the  enterprise.    And this part of  the contract being later will make  no  difference.    The whole  was  so  blended  that separate  actions  cannot be  maintained.

Judgment for  the  plaintiff  on  report,  deducting  the  charge  for wood.