*Sutli]?:f, J.
The principal matter in difference between the parties in this case arises in relation to the effect of the proceedings had in 1842 for foreclosure under Wolcott’s mortgage, and the sale of the premises upon the decree entered in that case.
It is insisted, by counsel for defendants, that those proceedings, and the sale therein, constituted a legal bar to any claim by complainant in the premises.
Upon the other hand, it is claimed by counsel of complainant that, not having been a party to those proceedings, he is not affected thereby; and that the pretended sale of the premises, as to his right of redemption, is void.
It is also insisted, on the part of the defendants, that the validity of the sale can be sustained by virtue of á clause in the mortgage which provides that upon the mortgagor, Samuel E. Childs, failing to perform the condition of the mortgage, by payment to Wolcott, the party of the second part, “ from thenceforth it shall be lawful for the said party of the second part, his executors, administrators, and assigns, to enter into and upon all and singular the premises *276 hereby granted and intended to be, and to sell and dispose of the same, and all benefit and equity of redemption of the said parties of the first part, their heirs, executors, and administrators and assigns therein, at public auction, according to the act -in such case made and provided,” and authorizes Wolcott, or his attorney, to give to the purchaser a “ good and sufficient deed of conveyance for the same in fee simple.”
It is true that conveyances may be made'in this state by private sale, in such cases, under a power of attorney; but the power must in all such cases be strictly followed. The provision relied upon in this case is only to sell “at public’auction, according to the act in such case made and provided.” If, then, we recur to the act of this state made and provided for the sale of mortgaged premises at public auction, we shall find the extent of the power to sell thereby given. The act directing the mode of proceeding in ^chancery, passed March 14, 1831, was the only act then in force directing the mode of proceeding to subject mortgaged premises to sale in such cases. It is provided by section 3 of that act that the proceedings in such cases shall be conducted according to the known usages of courts of equity. Such usages, however, required the party holding the equity of .redemption, as did the complainant at that time, to be made a party, in order to enable such equity to be subjected to a judicial sale. He not being a party, the equity of redemption, so held by him, can not be affected by the decree or sale. It is.apparent, therefore, that this provision in the mortgage deed in no way affects the merits of the case. It only amounts to an express permission in the mortgage for the mortgagee to sell, in a proceeding of foreclosure, in case the condition of the mortgage should become broken. But this permission would have been implied, if not cxpx*essed; axxd the right of the mortgagee to such proceedings and sale ’would have been alike perfect in either case.
Inasmuch, therefore, as neither the complainant, Edward Childs, nor the beneficiaries for whom he held the lands, were pax'ties to the proceedings in foreclosure on the part of Wolcott, under which the lands were exposed to sale, their interests remained unaffected by such proceedings.
How, then, stands the title upon the record ?
It is agreed by all parties in interest, that Saxnuel R. Childs held the fee of the lands, and firstly executed a mortgage thereon to John S. Wolcott, and then conveyed the lands to Edwai'd Childs, in *277 Jee simple, in 1837-JIorace Obilds all the time having remained in possession and improved the lands; but neither himself nor Edward Childs being a party to the proceedings under which the sale was had.
It is a general rule that decree in chancery shall, like a verdict and judgment at law, only affect parties thereto ; and that it shall not conclude nor in anywise prejudice those who are not parties. It is also a rule' in this state, that a decree in chaneery, and a judicial sale under it of the subject-matter of the action, where the court has jurisdiction of the parties and thing, are conclusive on such parties, and pass their title to the purchaser. For, although this last proposition was denied, in the case of Watson & Polhemus v. Spence, 20 Wend. 260, on the ground that the sale was utterly void as to a subsequent mortgagee not a party, and so no privity of estate between him and the purchaser, yet such is not the doctrine in this state. Ever since the case of Frische v. Kramer’s Lessee, 16 Ohio, 125, it has been regarded as the settled law of this state, that the purchaser at a judicial sale in such case acquires the title of the mortgagee. The sheriff’s deed, executed to the purchaser by order of court in such cases,.in the language of the statute, vests “ in the purchaser as good and as perfect an estate in the premises therein mentioned as was vested in the party at or after the time when said lands became liable ” under such decree.
It is .true that the debt is regarded in this state as the subject-matter, and the mortgage as only its incident, yet, as between the parties to the mortgage, after condition broken, the legal estate is absolute in the mortgagee, and the mortgagor has remaining only an equitable right of redemption, on paying the debt. The mortgagee in such case has a legal title, upon which he may recover and hold the possession of the lands, subject only to the right of the mortgagor to redeem, on performing the condition of the mortgage.
In the ease before us, the estate of the mortgagee, Wolcott, having then become absolute, entitling him to the possession of the lands, was sold and conveyed by sheriff’s deed, under the decree and order of court, to Parish; but the equity of redemption had before been conveyed to Edward Childs, and remained in his hands unaffected by the sale. Parish, by the sheriff’s deed, was invested with the same right to enter and occupy the land which the mortgagee had prior to the sale, after the condition of the mortgage *had become broken. The deed of conveyance from Parish *278 to Johnson, invested the latter with the same title, and likewise, in equity, gave him the right to such part of the amount so due upon the mortgage from the party holding the right of redemption, as had been paid for the title acquired at the judicial sale by the purchaser. And by entering into possession under such title so acquired under the judicial sale, the party would be liable to account for rents and profits to the party who held the right of redemption. The party so holding the right of redemption would, therefore, as we have seen, remain unaffected by the sale.
- The certificate of discharge, obtained by Samuel R. Childs, the mortgagor, under the bankrupt act, only discharged the debtor from personal liability upon the debt expressed by the bond or decree. The act itself provides, in section 4, “ That no discharge of any bankrupt under the act shall release or discharge any person who maybe liable for the same debt as a partner, joint contractor, indorser, surety, or otherwise for, or with the bankrupt.” At the time the mortgagor made his application for such discharge, the fee of the land had already become vested under the mortgage deed, by condition broken, in Wolcott. And in law, as between the moi’tgagor and mortgagee and his grantee, the latter held the fee of the land. Edward, the grantee of the mortgagor, only held the right, in equity, of redemption; that is, the right upon doing equity, to apply to a court of equity to relieve him, against the superior legal right of the mortgagee. The mortgagee then held the legal title; and he must have continued to hold it unless the plaintiff could be relieved in equity. But he could only be relieved by conforming to the rule that “ he who asks equity must do equity.” Wolcott, the mortgagee, held a complete legal title, by virtue of the mortgage and condition broken; subject nevertheless to Edward’s right, on fully performing the condition, in a reasonable time after the time limited, to obtain a decree in a court of ^equity fora reconveyance of the title from the mortgagee. And such has been the holding of the courts as to the effect of a discharge under the bankrupt act, of the mortgagor, in like cases. Stewart v. Anderson, 10 Ala. 504; Stedman v. Garrett, 18 Vt. 346, et passim.
Such then. is the situation of the title, as shown by the record before us.
What, then, were the rights of the complainant? They were evidently the same that they would have been, if no judicial sale *279 had been made, or attempted in relation to the premises. In that case the complainant, holding the right of redemption, would have had the right to redeem the lands by paying the amount due on the bond mentioned in the condition of the mortgage. Of the mortgage debt so due, the judicial sale, as before remarked, operated to transfer the amount of the purchase price to the purchaser of the estate of the mortgagee. Or the purchaser at sheriff’s sale may be regarded as, in equity, entitled to be subrogated to the place and rights of the mortgagee fro tardo, for the amount so paid to the mortgagee upon the mortgage debt. The sum of $1,694.25 and interest, from the time of the payment, is therefore due to Johnson under the mortgage, The residue of the mortgage debt was, at the commencement of the suit, due the holder of the bond mentioned in the mortgage. But the proof under the supplemental petition shows that, since the commencement of the suit, that amount has been canceled or satisfied by an assignment of the bond and a deed of release of the lands by the holder to Edward Childs, as trustee for the heirs of Horace Childs.
The complainant was, therefore, entitled to redeem the lands, by paying the amount equitably due to Johnson, or his representatives, upon an account to be taken with them in the premises. In stating the account between the parties, the complainant should be charged with the amount so paid by Johnson, and all valuable and permanent improvements made, and taxes paid upon the lands, and ^credited with the yearly rents. The net rents and profits should be yearly applied, first in payment of interest, and then in payment of principal.
We think the record and proof before us shows the plaintiff entitled to such ruling as thus indicated, and that the distrit court erred in refusing it.
The decree of the district court must therefore be reversed, and a decree entered as above expressed, and the case remanded for an account and final execution.
Brinkerhoee, C. J., and Scott, Peck, .and Gholson, JJ., concurred.