GEORGE H. HUNT v. C. D. RUBLEE.

January Term, 1904.

Present: ROWELL, C. J., TYLER, START, STAFFORD, and HASELTON, JJ.

Opinion filed August 2, 1904.

*Letting on Shares—Tenants in Common—Assumpsit.*

In the ordinary case of letting a farm at the halves, the parties are tenants in common of the products of the farm.

Though defendant "sold, or otherwise disposed of" hay cut on his farm while plaintiff was carrying it on at the halves under a contract providing that no hay should be sold, but the stock should be increased to consume it, general assumpsit will not lie for the value of plaintiff's interest in the hay, it appearing that the parties have not adjusted all their rights under the contract, and it not appearing that defendant received money, or its equivalent, for the hay, or that any agreement has been made taking the hay out of the general account between the parties.

GENERAL ASSUMPSIT for the value of an undivided half of certain hay. Plea, the general issue. Heard on the report of a referee at the September Term, 1903, Franklin County, *Watson*, J., presiding. Judgment for the defendant. The plaintiff excepted.

The hay in question was left on the premises by the plaintiff at the expiration of the lease. The referee reports that "all matters in relation to said farm and the dealings in regard thereto, with the exception of certain matters regarding the sale of one hog and three calves and the surplus hay, had been settled between the parties; that there was no difference between the parties in regard to the hog and the calves, except as to the price at which the same should have been sold, and the amount the defendant was entitled to receive from the plaintiff as his just share thereof; that the plaintiff has been, and is ready and willing to pay to the defendant his

interest in the calves and hogs sold, provided the plaintiff can be paid for his hay." The opinion states the other facts.

*Farrington & Post* for the plaintiff.

When the fact is found that defendant has plaintiff's money, the law creates the promise. *State* v. *St. Johnsbury,* 59 Vt. 332.

*C. G. Austin & Sons* for the defendant.

Since, under the contract, plaintiff and defendant are tenants in common of the hay, an action of account is the only proper remedy. *Bishop* v. *Dotey,* 1 Vt. 37; *Ganaway* v. *Miller,* 15 Vt. 152; *Kidder* v. *Rixford,* 16 Vt. 169; *Aiken* v. *Smith,* 21 Vt. 172; *Joy* v. *Walker,* 29 Vt. 257; *Cilley's Est.* v. *Tenney,* 31 Vt. 401; *LaPoint* v. *Scott,* 36 Vt. 609; *Albee* v. *Fairbanks,* 10 Vt. 314.

START, J. The action is assumpsit and is for the recovery of the value of one undivided half of sixteen tons of hay, which was cut on the defendant's farm while the plaintiff was carrying it on at halves. The lease provides that no hay shall be sold, but the stock shall be increased to consume it. It is found that the hay was sold, or otherwise disposed of, by the defendant. It is not found that he received any money or its equivalent therefor, nor can this be inferred from the facts reported by the referee. The parties were tenants in common of the hay and other products of the farm. *Willard* v. *Wing,* 70 Vt. 123, 39 Atl. 632; *Atkins* v. *Smith,* 21 Vt. 172; *Foster* v. *Kellogg,* 23 Vt. 308. It appearing that the parties have not settled and adjusted all of their rights respecting the common property, including the hay, and it not appearing that the defendant has received any money, or its equivalent, for

the hay, nor that any agreement has been entered into whereby the hay has been taken out of the general account between the parties, the plaintiff cannot recover the value of his interest in the hay in an action of general assumpsit.  *Albee* v. *Fairbanks,* 10. Vt. 314; *LaPoint* v. *Scott,* 36 Vt. 603.

   *Judgment affirmed.*