[1]DELIA A. TRASK *v.* JOHN J. KELLEHER.

May Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed July 3, 1919.

*Landlord and Tenant—Lease by Mortgagor—Privity of Contract
   —Right of Mortgagee to Rent.*

Defendant occupied under a lease from the mortgagors a part of a
   house on which plaintiff held the mortgage. After the condition
   in the mortgage was broken, plaintiff notified defendant to pay all
   future rents to her, but defendant continued paying rent to the
   mortgagors so long as he remained as tenant. *Held,*
(1)  That the lease created no privity of contract or estate between
   the defendant and the plaintiff, and none resulted from the notice
   given by the latter to the former;
(2)  That the notice given was not sufficient in law to make the de-
   fendant liable to the plaintiff for the rent in an action of assumpsit.

ASSUMPSIT FOR RENT. Plea, the general issue. Trial by
Burlington City Court, *C. S. Palmer,* Judge. Judgment for the
defendant. The plaintiff excepted. The opinion states the case.

*Martin S. Vilas* for the plaintiff.

*R. E. Brown* and *Theo. E. Hopkins* for the defendant.

[1] NOTE:—When this case was originally argued it was assigned to
Mr. Justice Haselton. Upon his retirement from the bench, the case,
being ordered for reargument, was assigned to Chief Justice Watson.

WATSON, C. J.   The agreed statement of facts shows that the plaintiff owns two houses situated in Burlington; that in the spring of 1915 she sold them under a bond for a deed, to Nathan Wagner and wife, who almost immediately failed to comply with the terms of the bond; that the Wagners occupied one of the houses and leased the other to the defendant at an agreed rent to be due at the end of each month; that on August 11, 1915, plaintiff, by her attorney, notified defendant that the Wagners had not complied with the conditions of their bond, and that any and all rents thereafter due from defendant must be paid to her and not to the Wagners; that in effect defendant refused to comply with the directions so given by plaintiff, for he continued to pay the rent to the Wagners as it fell due, so long as he occupied as tenant, paying no rent to the plaintiff; that defendant moved from the premises on November 1, 1915; that on August 12, 1915, plaintiff brought her petition in foreclosure against the Wagners, obtained a decree thereunder on November 9, following, with one year to redeem; and that the Wagners, not redeeming, gave up possession of the property on or about November 9, 1916. The present suit was brought on February 3, 1916, before a justice of the peace, and then appealed to the city court.

Counsel on both sides treat the plaintiff's position, so far as concerns her rights against the defendant, as similar to that of a mortgagee, and we treat the case accordingly.

The lease created no privity of contract or estate between the lessee and the plaintiff, and none resulted from the notice given by the latter to the former. There was no actual eviction of the tenant, and he refused to attorn to the plaintiff. The mere notice given was not sufficient in law to make defendant liable to the plaintiff for the rent in this action. *Stedman* v. *Gassett*, 18 Vt. 346; *Trask* v. *Fountain*, 93 Vt. 83, 106 Atl. 559; *Teal* v. *Walker*, 111 U. S. 242, 28 L. ed. 415, 4 Sup. Ct. 420; *Price* v. *Smith*, 2 N. J. Eq. 516; 4 Kent Com. (11th ed.) 183, 184; 1 Jones Mort. (4th ed.) § 777.

Since the foregoing ends the case, it is unnecessary to consider what effect, if any, the fact that the decree in the foreclosure proceedings became absolute had upon the right of recovery in this case.

*Judgment affirmed.*