JAMES G. FINN *v.* H. J. HOLDEN.

October Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed November 7, 1934.

514

*W. R. McFeeters* and *J. H. Webster* for the plaintiff.

*H. J. Holden, pro se.*

SLACK, J.   The plaintiff is sheriff of Franklin County and brings this action of trover to recover damages for the alleged conversion by defendant of certain personal property which was attached as the property of one Cota and was delivered to defendant as receiptor.   Plea, the general issue.   Trial by court. On the facts found, the defendant had judgment.   The case is here on plaintiff's exceptions.

The only question for review is raised by an exception to the judgment.   This exception presents only the question whether the findings are such as to support the judgment. *Roberge* v. *Town of Troy*, 105 Vt. 134, 163 Atl. 770; *Kennedy et al.* v. *Robinson*, 104 Vt. 374, 160 Atl. 170; *Royal Bank of Canada* v. *Girard et al.*, 100 Vt. 117, 135 Atl. 497, and cases cited.

The findings are very meager, but they were apparently satisfactory to both parties, as neither excepted to them or asked for others so far as appears.   It is found that defendant gave a receipt covering the property claimed to have been converted to one Lashway, who was then a deputy sheriff, and that the plaintiff now holds the same by reason of having been elected sheriff. It is also found that plaintiff made a proper demand for such property in season to preserve the attachment lien.

There is no positive finding that defendant refused or failed to comply with this demand, but it is stated in the findings that: "The plaintiff claims that the refusal to deliver the property, which was the only evidence of the conversion, consists in the attachment of a condition to the delivery that he should assume all mortgages on the property.   Defendant claims that the only condition was that the plaintiff should assume the liens that were upon the property when the receipt was signed."   The necessary inference from the foregoing, taken as a whole, is that defendant refused to surrender the property except upon certain conditions which, so far as appears, he had no right to impose.   Indeed, his own claim, as above stated, compels this conclusion.   Of course, the plaintiff would have taken such property, had it been returned to him, subject to such claims as rested upon it for which the defendant was not responsible, but he was not obliged to assume those claims to entitle him to its possession.

516

■ The rights and duties of the respective parties as to property covered by a receipt of this nature if in the common form, as we assume this receipt to have been, the contrary not appearing, is pointed out in *McDermott* v. *Jaquith et al.*, 88 Vt. 240, 92 Atl. 230, and cases cited. The rule deducible from those cases is that the receiptor upon demand therefor must deliver the property to the officer to save the latter from liability to the attaching creditor or the owner, unless he can show that the officer has been absolved, in some way, from such liability. This is an affirmative defense which the receiptor must establish. The record fails to show that such a defense was relied on.

■ The defendant argues that the evidence shows that neither a proper nor seasonable demand was made to charge the property on execution. The finding is the other way, and was not excepted to. Defendant argues, too, that the evidence shows that he offered to return the property to plaintiff and the latter declined to accept it. This argument goes for naught, because there is no exception that requires or permits us to consider the evidence. See cases first above cited. We will not look back of the findings to ascertain whether the evidence supports the judgment. See same cases and *Laplante* v. *Camp*, 96 Vt. 412, 120 Atl. 860.

■ The findings show that plaintiff was entitled to the possession of the property in question, and that he made a sufficient demand therefor, and the necessary inference is that defendant declined to deliver it to him except upon conditions which, as we have said, he had no right to impose. In the circumstances, plaintiff should have had a judgment.

■ There is no finding as to the actual or agreed value of the property. It appears from what purports to be a copy of the receipt, which is attached to plaintiff's brief, that its agreed value was two hundred dollars. If so, plaintiff should have had judgment for that amount. *Parsons* v. *Strong*, 13 Vt. 235; *Brown* v. *Gleed et al.*, 33 Vt. 147; *McDermott* v. *Jaquith et al.*, *supra*, at page 249 of 88 Vt., 92 Atl. 230; and, if such in fact is the tenor of the receipt, and it was rightfully before us, we might enter the proper judgment. But, since it is not before us for any purpose, the case must be remanded.

*Judgment reversed, and cause remanded, with directions that judgment be entered for plaintiff for the agreed value of*

*the property if shown by the receipt, otherwise for its actual
value as it may appear.*