W. C. MOTT *v.* EMILE BOURGEOIS ET AL.

May Term, 1938.

Present: POWERS, C. J., MOULTON, SHERBURNE, BUTTLES and STURTEVANT, JJ.

Opinion filed October 4, 1938.

516

*P. C. Warner* for the defendants.

*A. Pearley Feen, Louis Lisman* and *George L. Agel* for the plaintiff.

SHERBURNE, J. This is an action of account between parties to a contract for carrying on a farm upon shares. Trial was by court, and judgment was entered in favor of the plaintiff, to which the defendants have excepted. The particular exceptions briefed have to do with the allowance of sums for failure to leave certain quantities of oats and buckwheat upon the farm, and for cattle removed from the farm.

It appears from the findings that on April 1, 1929, the defendants signed an agreement by which they took the farm and personal property thereon for one or more years at the halves, and agreed, among other things, to leave as found, 216 bushels of oats and 3 bushels of buckwheat. When they surrendered possession on April 1, 1937, they failed to leave any oats and buckwheat, and removed the cattle which were raised by the defendants upon the farm or which were purchased for the benefit of the tenancy.

The owner of a farm and a tenant on shares are tenants in common of the products in the absence of any special provision modifying their relations. *Sowles* v. *Martin*, 76 Vt. 180, 56 Atl. 979; *Hunt* v. *Rublee*, 76 Vt. 448, 58 Atl. 724; *Willard* v. *Wing*, 70 Vt. 123, 39 Atl. 632, 67 A. S. R. 657; *Frost* v. *Kellogg*, 23 Vt. 308; *Aiken* v. *Smith*, 21 Vt. 172. The action of account is the proper remedy for the adjustment of all controversies arising out of this relationship, and everything growing out of such a contract affecting the proper settlement and division may be brought into such accounting. *LaPoint* v. *Scott*, 36 Vt. 603, 609. In this case it is said that the lessee's claim for damages for the failure of the lessor to furnish the full number of cows provided for in the lease may be brought into the accounting. In *Cilley's Admr.* v. *Tenny*, 31 Vt. 401, damages for not hoeing corn and not mending fence were allowed in an accounting as damages growing out of the lease whereby the lessor's profits were diminished. In *Joy* v. *Walker*, 29 Vt. 257, the lessee was made to account for failure to leave the amount of hay he found on the farm when he took it. In *Albee* v. *Fairbanks*, 10 Vt. 314, where the lessee obtained more than his share of the growth and profits of the farm and stock, it is stated that the usual remedy in

such a case is account and that "the defendant may be charged as bailiff of the common goods to account for." By P. L. 1894, an action for an accounting may be maintained by one tenant in common against the other "for receiving more than his just proportion of any estate or interest." In *Gates* v. *Lockwood,* 27 Vt. 286, an action of book account brought since the enactment of No. 11 of the Acts of 1852, providing that items of account more properly belonging to the action of account may be tried and adjusted in the action of book account, the defendant had a charge for pickles. These were made by the plaintiff from defendant's cucumbers under an agreement that the plaintiff should have one half for the making, and the defendant the other half, which he never received although demanded. It was held that the plaintiff was liable to account "for receiving more than his just proportion of any estate or interest." By P. L. 1900, the action may be maintained by one or more tenants in common to settle and adjust their accounts and dealings. There can be no question but that the action of account is a proper remedy in this case for the failure to leave the oats and buckwheat, and for the removal of the cattle owned in common. It is also apparent that defendants' contention that unliquidated damages cannot be recovered in this action is unsound.

The defendants contend that by holding over the relation between the parties had become a tenancy from year to year, and that the defendants were entitled to a six months' notice of termination looking to the end of the year. Because only about four months' notice was given they say that no recovery can be had for the oats and buckwheat. Whatever the nature of the tenancy, the defendants acquiesced in the notice and surrendered the farm, thus making April 1, 1937, the end of the term by agreement. This does not excuse the defendants.

After the case was partly heard the plaintiff had leave to amend his specifications by adding the item about the removal of the cattle. As the defendants were not prepared to meet that item the hearing was adjourned to a later date, but before the adjournment was taken the plaintiff's case was apparently completed as to all the other items, and the plaintiff stated: "We have nothing further until we can put in what we have agreed on, with that reservation we rest." At the adjourned hearing evidence that no buckwheat was left was received without objec-

tion, and over the defendants' objection and exception that the case had been closed as to everything but the cattle, the plaintiff was permitted to show that no oats had been left upon the farm. Later, subject to a similar objection and exception, the plaintiff was allowed to show by an expert witness the value of oats and buckwheat at the farm on the day the farm was vacated. Upon objection being made the plaintiff asked to have the case re-opened for the purpose of receiving this testimony, and the defendants in reply insisted that they were not prepared to meet any evidence upon that question, and moved for a continuance if it was received. The way the matter was left is a little vague, but a reasonable construction of the court's remarks is that the plaintiff would be bound by what the record would show, when looked up, and if the record should show a rest as to this feature of the case the evidence would not be used. As there was no other evidence relative to the value of the oats and buckwheat this evidence must have been used in arriving at the findings, just as if the case had been reopened to receive it.

█ █ In the exercise of its discretion the court could have opened the case to receive this evidence, provided, upon their insistance, the defendants had been afforded a reasonable interval to produce evidence to meet it. *Phelps* v. *Utley,* 92 Vt. 40, 42, 43, 101 Atl. 1011. But here the case was not reopened and the defendants were not afforded an opportunity to produce rebutting evidence. In view of the court's remarks and what the record shows it was error to base a finding upon this evidence. This will necessitate a reversal, but in order that no injustice may be done the case will be remanded for a retrial of these items. See *Shea* v. *Pilette,* 108 Vt. 446, 455, 189 Atl. 154, 109 A. L. R. 933, and cases cited.

We quote two of the findings:

"6. On December 16, 1936, and again a short time prior to April 1, 1937, the plaintiff went to the farm for the purpose of adjusting the account between the parties in an effort to reach a settlement, and then demanded that the defendants account to him for his property which they had in their possession, but on both occasions the defendants refused to account and refused to come to any settlement."

"10. Certain animals described and identified in Plaintiff's Exhibit 5 were conceded by both parties either to have been raised by the defendants while on plaintiff's farm or purchased for the benefit of the tenancy, and were appraised by persons named by both parties and the value of such animals agreed upon. The total value of such animals described in said Exhibit 5 and referred to in the concession of the parties is $1025.00, and we find the plaintiff is entitled to recover of the defendants one-half of that sum or $512.50."

■ All that is said about the disposition of these cattle is in that part of the findings giving a recapitulation of the various items of account due to the plaintiff and due to the defendants, and striking a balance between them. Among the items due the plaintiff is "Cattle removed (plaintiff's ex. 5) $512.50." This statement is sufficient to answer defendants' claim that nothing appears to show the disposition of these cattle. These cattle were in fact removed to another farm occupied by one of the defendants, where they were being kept at the time of the hearing.

■ But the defendants claim that as joint tenants or tenants in common of these cattle the plaintiff on the one part, or the defendants on the other, were entitled to possession, subject only to the limitation that neither could sell or otherwise dispose of them or consume or waste them as if they were their own, and that consequently the findings are not sufficient to support the judgment, citing *Gibbs* v. *Sleeper*, 45 Vt. 409, 415, a case for an accounting against a sales agent, holding that he was not liable as bailiff to account for the property he had received, but had not turned into profits, unless he had so disposed of it, or appropriated it to his own use, that he had consumed it or wasted it as if it were his own. But in the instant case a division of the common cattle, along with the other produce and profits, was the mode of accounting which the agreement contemplated, and a timely demand for such division was all that was requisite. The plaintiff was not bound to wait until the cattle had been taken away or disposed of. *Stedman* v. *Gassett,* 18 Vt. 346, 350.

■ But the defendants say that the finding as to a demand fails to differentiate between the cattle which were on the farm

when it was leased and the increase. The defendants construe the finding too narrowly. We think that the finding is broad enough to show a demand covering all interest which the plaintiff had in all of the cattle on the farm, and so hold in support of the judgment.

Had the defendants desired the court might possibly have divided these cattle between the parties, or have ordered a sale and a division of the proceeds, under P. L. 1901, empowering county courts, in an accounting between partners, coparceners or tenants in common, to make such orders and decrees, interlocutory or final, as will enable such courts to do complete justice, and such as the court of chancery could make in like cases. *Foster* v. *Ives,* 53 Vt. 458; *Spaulding* v. *Warner,* 59 Vt. 646, 11 Atl. 186.

Under their general exception to the judgment defendants insist that because the pleadings do not cover unsold items there can be no recovery for these cattle which were removed from the farm, citing *Ganaway* v. *Miller,* 15 Vt. 152. Although that case was decided upon another ground, the opinion states that the declaration should set forth distinctly all the grounds on which the plaintiff claims to hold the defendant to an accounting, and that there can be no recovery for an unmentioned item. In that case the lower court denied a recovery, and so the effect of a finding upon an item not mentioned by the declaration and a judgment according to the findings is not passed upon. In *Joy* v. *Walker,* 29 Vt. 257, it is held unnecessary for the declaration to specify all the items for which the defendant is to account, or indeed the subject-matter of each item, but only the transaction out of which the accounting is claimed, and *Ganaway* v. *Miller, supra,* is criticised.

The exception to the judgment reaches every question involved in the rendition of the judgment and necessary to its validity, but it does not reach back of the findings. *Morgan* v. *Gould,* 96 Vt. 275, 280, 119 Atl. 517. It presents only the question whether the findings are such as to support the judgment. *Finn* v. *Holden,* 106 Vt. 513, 175 Atl. 231; *Greenwood* v. *Lamson,* 106 Vt. 37, 168 Atl. 915; *Roberge* v. *Town of Troy,* 105 Vt. 134, 143, 163 Atl. 770; *Royal Bank of Canada* v. *Girard,* 100 Vt. 117, 135 Atl. 497; *Morgan* v. *Gould, supra.* No error appears in the allowance of this item.

*Judgment reversed, and cause remanded for a new trial only upon the amounts and values of oats and buckwheat not left upon the farm according to the agreement. Let a new balance of accounts be found.*

Chief Justice Powers, having deceased, took no part in the decision of this case.