### AARON FULTON *v.* ROBERT WILEY.

#### *Reference.    Offset.*

If a cause be referred before any plea in offset has been filed, and the rule of reference does not provide for the adjustment of claims in offset, the referee has no authority to consider any such claims.

ASSUMPSIT. The opinion of the court sufficiently sets forth all the material facts in the case.

The county court, at the April Term, 1859,—REDFIELD, Ch. J. presiding,—rendered judgment for the defendant for the excess of the note, offered by him in offset, over the amount of the plaintiffs' claim, as found due by the referee, to which the plaintiff excepted.

*George Howe*, for the plaintiff.

*Bradley & Kellogg*, for the defendant.

PIERPOINT, J. The question in this case arises upon the report of a referee.

The action was assumpsit. The declaration contained the general counts only. The case was referred.

No plea in offset was filed.

On the trial before the referee the defendant offered in evidence a note against the plaintiff which he claimed should be set off against the amount that might be found due the plaintiff.

The referee finds that the note is justly due from the plaintiff, but refers the question to the court, whether it can be allowed in offset to the plaintiff's claim, and if not, he reports that there should be judgment for the plaintiff for $27,25.

The county court allowed it as an offset, so far as to balance the claim of the plaintiff, and rendered a judgment in favor of the defendant, for the remainder due on the note.

If this case had been tried in the county court, it is very clear that the defendant could have availed himself of the note, only by a plea in offset. But it is said that upon the trial before the referee, the same rule does not apply.

It is undoubtedly true that when a case is referred, on the trial before the referees, the plaintiff may present the claim on which the suit is based in any manner that he could have presented the same claim before the county court, under any declaration that the county court would have allowed him to file, for the same cause of action ; that all objections to the form of the declaration are waived by the reference, and this rule we understand to be reciprocal : that the defendant may interpose any defence to the plaintiff's right of action before the referee, that he could interpose, if the case was on trial in the county court, under any form of pleading, that would be an appropriate answer to the alleged cause of action.

But we do not understand this rule on either side to extend to the introduction of any new subject matter of litigation ; the plaintiff must be confined to the original cause of action ; and the defendant must be confined to a legitimate answer to that cause of action.

An offset cannot be said to be an answer to the plaintiff's claim or to his right of action ; it is conceding the claim of the plaintiff, and his right to recover thereon, and then setting up a counter claim in his favor against the plaintiff and asking the court to make the application. It is introducing an entirely new and dis-

tinct subject matter of litigation, one that is separate from, and independent of, the one declared upon, one that is in no sense embraced in the subject matter referred. To allow it would be to introduce a controversy as foreign from the matter referred, as would be any claim of the plaintiff separate and distinct from the one declared upon. And there would be no more propriety in allowing the introduction of the one than the other.

If the defendant would avail himself of an offset to the plaintiff's claim, he can do it only by a plea for that purpose, and if he neglects to avail himself of such plea by filing it before the case is referred, he can not avail himself of such defence before the referee.

If the defendant files a plea in offset, the plaintiff may then, by his replication thereto, bring in any other cause of action he may have against the defendant, proper to be presented as an offset to the defendant's claim.

If all this is done before the suit is referred, the reference carries the whole matter before the referee, and an examination of the pleadings show precisely what is referred and what the parties are to meet. But to allow the reference to have that effect before the pleas in offset are filed, would turn every reference of a suit in court into a general reference of all matters in controversy between the parties.

It would seem that the county court in rendering their judgment in this case, proceeded upon the supposition that a plea in offset had been filed, as they not only offset enough of the defendant's claim to cancel the claim of the plaintiff, but rendered a judgment in favor of the defendant for the balance of his claim, both of which we think were erroneous, no plea having been filed.

The result is, the judgment of the county court is reversed, and, as in cases like the present, this court will render such judgment as we think the county court ought to have rendered, judgment is rendered for the plaintiff for twenty-seven dollars and thirty-five cents and costs.