## THEODORE COOK *v.* CARPENTER & COOK.

*Partnership. Pleading. Practice. Reference.*

When two or more persons agree to become partners, and actually proceed to carry into execution the joint undertaking or business, the relation of partners will exist, although the conditions of the partnership are not understood alike by the partners.

Where parties agree to an arbitration or reference of a pending action, under a rule of court that the court shall render a judgment upon the report or award, even when it is a part of the rule of reference, that the arbitrator or referee is to be governed by the rules of law, it is the cause of action which forms the basis of submission, and not the particular form of the declaration, nor any particular issue which may have been formed upon it; and the arbitrator or referee is not bound by the particular declaration and pleadings, but may award upon the subject matter of the suit without regard to them.

Cook *v.* Carpenter & Cook.

The power of an arbitrator or referee extends to just what the parties have agreed to submit, and no more; and if he undertakes to try and award upon matters not submitted, the award will be invalid.

Therefore, where the declaration was general assumpsit, and the cause of action which formed the basis of submission was money paid for the benefit of the defendants on a certain note which the plaintiff claimed to have signed as surety for the defendants, it was *held*, that the referees had no power under the submission to enquire about, and report in respect to, partnership dealings between the parties, and the referees having so done, and awarded a balance due to the plaintiff, the court refused to pronounce judgment thereon.

But, whether, in such case, if the submission be extended, by consent of the parties, before the referees, the rule would be different, *quere?*

GENERAL ASSUMPSIT. The declaration contained the common counts. The case was referred under a rule of court by agreement of parties, and was tried by the court on the report of the referees, at the September term, 1861, PIERPOINT, J., presiding.

The referees reported that the plaintiff and the defendant, Hiram Cook, previous to the first of September A. D., 1857, had been engaged as partners for two or three years, in the business of buying cattle and hogs in the town of Huntington and vicinity, for the Boston market,—that about the first of September, A. D. 1857, the plaintiff and Hiram Cook, being still partners in the same business, were taking a drove of cattle and hogs to market over the Vermont Central railroad, and that the defendant Carpenter was on the train with them,—that Hiram Cook proposed to the plaintiff that they should take Carpenter in with them as a partner, representing that he would be a good person to buy stock,—that the plaintiff said to Hiram Cook that he would do so, if he (Hiram Cook,) and Carpenter would provide the money to buy the stock, and would buy and deliver the same at Cambridge market, and that he (the plaintiff,) would sell the stock so purchased and delivered by Hiram Cook and Carpenter, and guarantee the sales; and that the expenses should be borne equally by the three, and the profits and loss should be divided equally;—that Hiram Cook went immediately to Carpenter and told him the plaintiff was willing to take him in as a partner; that Hiram Cook and Carpenter were to buy the stock, and take

it to Cambridge ; that the plaintiff would sell it ; that the money was to be obtained from some bank on the joint note of the three, and that they were to share equally in the expenses, and in the profits and loss ; but he said nothing to Carpenter in relation to the plaintiff's guaranteeing the sales, nor did he mention to him the proposition of the plaintiff that the defendants should furnish the money to be employed in the prosecution of the business,—and, that Carpenter consented to go into the business upon the terms as stated to him by Hiram Cook.    Carpenter and the plaintiff had no understanding in relation to the conditions of the partnership agreement, except what resulted from their respective interviews with Hiram Cook as above stated ; and the plaintiff supposed that the defendants were to furnish the money, and that he was to guarantee the sales, while Carpenter supposed the money was to be furnished equally by the three partners ; and no different or other arrangement, or understanding was made or had between them.

The referees further reported that Carpenter entered at once upon the business of buying cattle and hogs in Huntington and vicinity under said arrangement, while the plaintiff and Hiram Cook proceeded to Boston ; that on their return from Boston Hiram Cook said to the plaintiff that he and Carpenter would want the use of his name to obtain money from some bank to employ in the business, and the plaintiff gave Hiram Cook authority to sign his name to a note for that purpose ; that soon after Hiram Cook drew a joint note running to the Farmers' & Mechanics' Bank of Burlington, for one thousand six hundred dollars, payable in ten days from date, which was signed by Hiram Cook and Carpenter, and Hiram signed the name of the plaintiff thereto, in pursuance of the authority so given to him ; that the note was discounted by said bank, and the money used in the purchase of stock, which was taken to market and sold mainly by the plaintiff ; that the money derived from this sale, by the agreement of the plaintiff and defendants, was used to buy more stock, and the note given as aforesaid at the bank in Burlington was renewed.    The business of the partners resulted in a loss.    The bank note not being paid, suit was commenced thereon against all the signers, and much the largest part due on

the note was collected out of the property of the plaintiff, or paid by him.

The referees also reported the dealings and accounts of the partners, in detail, and found a balance due to the plaintiff from the defendants thereon ; and also reported that the parties did not agree that the accounts of the partnership should be adjusted in this action. By the terms of the reference, the referees were to be governed by the rules of law. The plaintiff filed a specification, which was for money paid on the note above named, and for trouble and expenses in relation to the same. The court rendered judgment on the report for the defendants, to which the plaintiff excepted.

*D. E. Nicholson* and *Linsley & Prout* for the plaintiff.

*E. J. Phelps*, for the defendants.

POLAND, CH. J. The plaintiff, in this action of general assumpsit, claims to recover the amount he was compelled to pay upon the note given to the bank, signed by himself, and the other two defendants, upon the ground that the other defendants were the principals, and he their surety. The defendant Carpenter claims that the plaintiff and defendants were partners, and that this note was given to raise funds to carry on the partnership business; that the signers all stood as principals on the note, and that the matter can be adjusted properly, only by some proceeding proper to settle the whole partnership concern, and that this action is inadequate and inappropriate to that end The plaintiff insists that there was no partnership, that as there was a total misunderstanding between him and the defendant Carpenter, as to the basis or articles of the partnership, no partnership existed ; and many authorities are cited to show that to constitute a partnership there must be an agreement, a meeting of the minds of the parties, and that a man cannot be made a member of a partnership without his consent. The soundness of this principle cannot be doubted ; the difficulty is, it does not apply to the case. The plaintiff and the defendant Carpenter, did both agree to be partners, and both understood they were acting as

partners ; and actually proceeded to carry on the joint enterprise, with the understanding that they were to share in the profits or losses of the transaction ; but, by the default of the defendant Cook, they did not understand the terms of the joint agreement alike. The plaintiff understood that the capital was to be raised wholly by the defendants, while the defendant Carpenter understood it was to be raised in the ordinary way, by all the members of the firm. It has never been held that when persons agree to become partners, and actually proceed to carry into execution the joint undertaking or business, that the relation of partners does not exist, because the conditions of the partnership are not understood alike by the partners. It is conceded that the note to the bank was given to raise the funds to carry on the joint business, but the same differing ideas of the partnership relation still existed, and while the plaintiff supposed that he was signing the note as a surety for the others, the defendant Carpenter supposed all were equally bound as principals. From the facts reported by the referees, neither the plaintiff or Carpenter seemed to have been at all in fault in understanding the terms of their connection as they did ; the whole blame rested on the defendant Cook, who acted as the medium between them in making the arrangement. We see no ground on which the plaintiff can claim that the defendant Carpenter shall be bound by the contract as the plaintiff understood it, with any better reason, than Carpenter can claim that the plaintiff shall be bound by Carpenter's understanding of it. In this dilemma, both parties being without fault, we think the matter must stand for settlement between them upon the general principles of partnership, that the gains or losses be shared by the respective partners.

In this case it seems that, so far as the plaintiff and Carpenter are concerned, there has been a loss, and the referees have reported the amount of their respective losses.

The plaintiff admits that his action is not the proper one in which to adjust the partnership dealings, but he claims that as the action was referred by agreement of parties, and they have reported in such a manner, that the court can render a judgment upon the basis of a partnership adjustment, the form of the action should be disregarded, and such a judgment be rendered, and it

is claimed that the decisions of this court in relation to the effect of referring cases to referees have gone to this extent.

The cases on this subject are very numerous in our reports, and the language of the different judges not very uniform as to the precise rule on the subject.

The general doctrine to be extracted from all the cases seems to be this : that where parties agree to an arbitration or reference of a pending action, under a rule of court, so that the court are to render a judgment on the report or award, even where it is a part of the submission or rule of reference, that the arbitrator or referee is to be governed by the rules of law, it is the cause of action which forms the basis of the submission, and not the particular form of the declaration which the party has adopted, or any particular issue which may have been formed upon it, and that therefore the referee is not bound by the particular declaration and pleadings, but may award upon the subject matter of the suit without regard to them. An arbitration or reference under a rule of court stands upon the same general principle, as do all arbitrations, the mere agreement of the parties ; and the power of the arbitrator or referee extends to just what the parties have agreed to submit, and no more ; and if he undertakes to try and award of other matters not submitted, the award is invalid. It is conceded that the only matter for which the plaintiff brought his suit, was the money he paid on the note to the bank, and not to recover any general partnership balance that might be due to him, and his declaration could not have been amended so as to have enabled him to do so, for it would not only have required an entire change of the form of the action, but to introduce a new cause of action, which the court have no power to allow.

The cause of action then, which formed the basis, and the extent of the submission, was the money paid on this note ; this was what the plaintiff claimed to recover before the referees, and what he claims now.

Nor can it be claimed that the submission was extended by consent before the referees, for they state in their report, that neither party claimed to go into a settlement of the partnership matters before them, or assented to their doing so.

Their report then, so far as it furnishes a basis for a judgment for the partnership balance, was upon matters not embraced in the submission, and we cannot therefore properly render judgment upon it.

As the note was given for money that went into the partnership, and the plaintiff is not entitled to claim that he stood merely as a surety upon it for the defendants, we think it can be settled only in some proper action brought to close the whole partnership affair. We have sought earnestly to find some ground on which we could justify a judgment for what appears to be the partnership balance due to the plaintiff, as that appears to us to be where the matter must at last stand between them, but we feel that it cannot be done without violating settled principles.

The judgment is affirmed.