THE PEOPLE ex rel. ANN WASSON, Executrix, etc.,
Respondents, *v.* GEORGE W. SCHUYLER, Auditor, etc.,
Appellant.

The award of canal appraisers, while they keep within their jurisdiction,
cannot be attacked collaterally for mere errors of judgment; but they
are officers of very special and limited jurisdiction, and where they
have acted without or in excess of their jurisdiction, this may be shown
in avoidance of the award in proceedings by mandamus to enforce it.

Under the act of 1869 (chap. 520, laws of 1869), "authorizing the canal
appraisers to hear the claim of P.V. and another," for damages sustained
in the draining of Cayuga marshes  *  *  *  by the appropriation of
their land to deposit the rock and shale taken from Seneca river, said
P.V. presented a claim for land so appropriated, and in a separate item a
claim for "damages done by fire." The appraisers awarded a sum for
damages to the land, and also two items "for destruction of rails and
fences," and "for destruction of timber." In proceedings by man-
damus to compel the auditor to draw his warrant for the amount of the
award, it appeared that the timbers, fences and rails destroyed were
not upon the land appropriated, but upon other portions of the claim-
ant's farm, the timber however was destroyed by fire negligently set by
men employed upon the work. *Held*, (CHURCH, Ch. J., ALLEN and FOLGER,
J.J., dissenting,) that when the appraisers had determined the amount to
be awarded for the appropriation of the land, all their power under
the act was exercised, and their award as to the other items was void.

Also *Held*, that the fact that the legislature after the making of the award
had made appropriations to pay awards in general, in the absence of
evidence that this award was in the legislative intent, or that all the
facts were made known to it, did not validate the award.

(Argued March 27, 1877; decided April 10, 1877.)

APPEAL from order of the General Term of the Supreme
Court, in the third judicial department, affirming an order
of Special Term, directing the issuing of a writ of peremp-
tory mandamus directed to defendant as auditor of the canal
department, requiring him to draw his warrant upon the
state treasurer for the amount of an award made by the
canal appraisers in favor of Peter Voorhees, which award
was assigned by said Voorhees to William Wasson, relator's
testator.

The facts sufficiently appear in the opinion of EARL, J.,
on motion for a rehearing.

*E. W. Paige*, for the appellant.   The act of 1869 (chap. 520) was passed with reference to the existing general laws, and as the claim was not filed within the year the award was void. (*Rodgers* v. *Bradshaw*, 20 J. R., 735, 744.) The award was void because no notice was given to the commissioners of the second claim. (*Elmendorf* v. *Harris*, 23 Wend., 628 ; *Owners of ground* v. *Mayor of Albany*, 15 id., 374; *Sharp* v. *Johnson*, 4 Hill, 92, 98; *Jordon* v. *Hyatt*, 3 Barb., 275, 282–3.)   It was also void because it exceeded the submission. (*Butler* v. *Mayor of New York*, 7 Hill, 329; 1 Barb., 325; *Borrowe* v. *Millbank*, 5 Abb. Pr., 28.)

*Eugene Burlingame*, for the respondents.   The order for the peremptory mandamus was properly granted.   There was no issue of fact to be determined. (*People ex rel. Stockwell* v. *Earl*, 47 How. Pr., 370; *Stillwell* v. *Carpenter*, 59 N. Y., 414, 423; *Le Guen* v. *Gouverneur*, 1 J. Cas., 436, 492; Wil. Eq., by Potter, 160, 161; *People ex rel. S. & U. R. R. Co.* v. *Betts*, 55 N. Y., 600.)   The appraisers did not lose jurisdiction over the claim by allowing the amendment, and the Auditor cannot avail himself of the statute of limitations to resist payment of the award. (*People ex rel. Jermain* v. *Thayer*, 63 N. Y., 348; *Johnson* v. *A. & S. R. R. Co.*, 54 N. Y., 417, 14 id., 16, 302.)   In the absence of proof to the contrary it must be presumed the appraisers and commissioners had discharged all the duties required of them by law. (*Hartwell* v. *Root*, 19 J. R., 345; 1 Greenl. Ev., § 840.) The determination of the appraisers as to what the damages were was conclusive. (*Brittain* v. *Kinnaird*, 1 B. & B., 432; *State of Mich.* v. *Phœnix Bk.*, 4 Bos., 364; *Henderson* v. *Brown*, 1 Cai. 92; *People* v. *Collins*, 19 Wend., 56; *Wheelock* v. *Young*, 4 id., 651; *Baker* v. *Johnson*, 2 Hill, 342; *Goodrich* v. *Hill*, id., 142; 3 Kent's Com., 509; *Jackson* v. *Ambler*, 14 J. R., 96.

*Per Curiam*.   The order appealed from must be reversed.   The canal appraisers exceeded the jurisdiction

244      PEOPLE ex rel. WASSON *v.* SCHUYLER.      [April,

Opinion of the Court, per *Curiam.*

conferred upon them by chapter 520 of Laws of 1868. That empowered them to hear and determine claims of Voorhees for damages sustained by the appropriation of land for the deposit of shale and stone. They did entertain, determine, and make an award, for the destruction by fire of fence, and rails and timber. There is nothing in the testimony taken by them to show that this was a damage from the appropriation of the land; clearly it was not. So it did not fall within the scope of the authority given to them by the act.

The judgment in the action of *The People* v. *Wasson,* (64 N. Y., 167,) does not conclude the defendant. The opinion rendered in this court is the reason of that judgment. One of the grounds there taken is, that the auditor may make all needful defence in such an application as this.

Nor is it an answer to the lack of jurisdiction to say that the legislature has, since the making of the award, made appropriations of money to pay awards in general. It does not appear that this award was in the intention of the legislature, or that if all the facts had been made known, it would have provided for the payment of it.

The orders of the Special and General Terms should be reversed.

RAPALLO, ANDREWS, MILLER and EARL, J.J., concur.

ALLEN and FOLGER, J.J., dissented, on the ground that as the attorney-general had made no point either in his printed brief or in oral argument, that there was fraud or collusion, the court would not raise it; and that, whether on question of jurisdiction or not, the appraisers had jurisdiction to hear and determine the matter of damages arising from the appropriation, and to decide what were and what were not such damages; and that if it be conceded that the destruction by fire was not a proper item of damage to be allowed, still the appraisers had jurisdiction to decide, and if the decision was wrong, the remedy was by appeal to the canal board. They cited *Miller* v. *Brinkerhoff* (4 Denio, 118); "a mistake concerning the just weight and import-

1877.]     PEOPLE ex rel. WASSON v. SCHUYLER.     245

Opinion of the Court, per EARL, J.

ance of evidence, only makes the act erroneous, and it will stand good until reversed."

They also thought that *Roderigas* v. *East River Savings Institution* (63 N. Y., 460), was inconsistent with the conclusion reached by the majority of the court.

CHURCH, Ch.J., did not vote.

Orders reversed.

Upon a motion subsequently made for reargument, the following decision was handed down, and order modified in accordance therewith.

EARL, J. The importance of this case has led us, upon this motion, to review our former decision, and to express more fully the views which induced the same. In 1853, a law was passed (chap. 178) authorizing and directing the Canal Commissioners to drain the Cayuga marshes. The work was in no way for the benefit of the State, but for the benefit of the private owners of the land to be improved, and the scheme of the law was to assess the cost of the work upon the lands to be benefited thereby. In 1854 the officers of the State were engaged in prosecuting the work, and took from the bed of the Seneca river rock and shale, and deposited them upon the land of Peter Voorhees, covering nearly seven acres thereof. In 1868, nearly fourteen years after the damage was done, the Legislature passed an act (chap. 520) authorizing the canal appraisers to hear and determine the claims of Voorhees for damages sustained by him, "by the appropriation of his land to deposit the rock and shale taken from Seneca river," and directing the State Treasurer, on the warrant of the Auditor, to pay him the amount which might be awarded out of money appropriated for the payment of canal damages. Under this act, in February, 1869, Voorhees presented to the appraisers a verified claim for $1,200 for nearly seven acres of land. The appraisers met to hear the claim in September, 1869, at which time the claimant presented an amended claim, in

| | |
|---|---:|
| which he claimed for the same land - - - | $2,755 08 |
| For interest on same, - - - - | 2,892 83 |
| For damages to crops four years, during progress of work, - - - - - - | 1,800 00 |
| For damage done by fire, - - . - | 1,500 00 |
| The appraisers, after hearing no evidence but that of the claimant, awarded him for temporary occupation of land, - - - - | 2,050 00 |
| For destruction of rails and fences, - - | 115 00 |
| For destruction of timber - - - - | 1,000 00 |
| For interest on above items, - - - | 3,325 25 |

The timber destroyed was not upon the land appropriated, but was upon other portions of claimant's farm, and was burned by fire accidentally or negligently set by men employed upon the work. Neither were the rails and fences upon the land appropriated. It did not appear before the appraisers, nor does it appear in the record before us, how they were destroyed.

The only authority conferred upon the appraisers by the act of 1868, was to hear and determine a claim for the appropriation of land in a particular way, that is, to deposit rock and shale thereon. And the only claim at first presented was for land so appropriated. In the amended claim presented a few months later, the first two items are for the value of the land thus appropriated, and the interest thereon, and the last two items do not purport to have any connection with the land appropriated. In the award as made, the first item is for the appropriation of the land and the other two items do not appear upon their face to have any connection with the land appropriated, and the appraisers did not determine that there was any such connection. After the appraisers had determined the amount to be awarded for the appropriation of the land, they had discharged their whole duty and exercised all their powers under the act. They had no jurisdiction to award upon any other items, and as to such other items their award is absolutely void. While the appraisers exercise judicial functions, they are not a court,

and their award when attacked collaterally must not be treated in all respects like a judgment of a regular court. They are officers of very special and limited jurisdiction, but while they keep within their jurisdiction their awards cannot be attacked collaterally for mere errors of judgment. Their functions are analogous to those of arbitrators, and it may always be shown by parol, in defence or avoidance of an award, that arbitrators have acted without or in excess of their jurisdiction. (Watson on Arb. and Award, 179; Morse on Arb. and Award, 178; *Butler* v. *Mayor*, etc., 7 Hill, 329; *Cook* v. *Carpenter*, 34 Vt., 121.)

Arbitrators, assessors, (*Nat'l Bank of Chemung* v. *City of Elmira*, 53 N. Y., 49,) and all such officers exercising judicial functions cannot take jurisdiction by simply determining that they have it, but they must in fact have it before their decisions can have any validity, and the fact is always, everywhere, when their decisions are challenged, open to inquiry. But as these two items have no connection with the first, and are entirely independent, the whole award is not void in consequence of the excess of jurisdiction exercised. Such is the rule in reference to the award of arbitrators, and we can perceive no reason for not applying it to this case. (Watson on Arb. and Award, 238; Morse on Arb. and Award, 452; *Jackson* v. *Ambler*, 14 J. R., 96.)

The Supreme Court therefore erred in granting a peremptory mandamus, requiring payment of the whole award, and its order must be reversed. An alternative mandamus for the payment of $2,050 and the interest thereon, would have been proper, and as this court can now grant such an order as the Supreme Court should upon the facts before it have granted, an order should be entered for the issuing of an alternative mandamus for the payment of the sum named, and upon his return thereto, the auditor may interpose such defence as he may be advised.

Our former order must therefore be corrected in accordance herewith.

All concur.

CHURCH, Ch. J., ALLEN and FOLGER, J.J., being of the opinion that the award of the appraisers was conclusive as to the whole amount claimed, and that the mandamus should go for the same.

Ordered in accordance with the opinion.