## SETH L. WARREN *v.* CALVIN C. CARYL..

### *Lease.    Pleadings in Case of Reference.*

1. Plaintiff leased his farm to defendant by written indenture to carry on upon shares. Nothing was said in the lease as to the hay then on the premises. By an independent agreement two persons were to examine this hay at the beginning of the term and again at the end, and appraise the difference in value. This was done, and the appraisers determined that there was $68 worth of hay less at the end than at the beginning. *Held,* that the determination of these appraisers was conclusive on the parties, and that the plaintiff could recover one-half the difference in an action of assumpsit.

2. Where the action was general assumpsit, and the defendant pleaded in offset, but the plaintiff did not reply in offset, and the case was referred, *held,* that the referee had no right to consider matters which could only have been shown by the plaintiff under such declaration in offset, and that the County Court could not embrace such matters in its judgment on the referee's report. In rendering judgment on the report of a referee only those matters can be considered as pleaded, which could be introduced by way of amendment to those pleadings actually filed, or treated as filed.

This was an action in assumpsit. Plea, the general issue and declaration in offset. The case was referred, and heard upon the referee's report at the September Term, 1888, Royce, Ch. J., presiding. Judgment for the plaintiff on his declaration for $36.85. For the defendant on his declaration in offset for $12.72, being judgment for the plaintiff for a balance of $24.13. Exceptions by the defendant.

Item No. 12 in the plaintiff's specifications was: "To one half of hay used and not returned, $34."

With reference to this item the referee found as follows: "At the time the defendant took possession of the farm, it was arranged in order to enable the parties to settle certain questions that might arise under the contracts, that Mr. Vose and Mr. Davis should look over the stock and hay that went into the hands of the defendant, and at the end of the term should again examine the stock and the hay and appraise the difference in value. These-men performed that duty and measured the hay in the barns, and at the end of the term made a similar exami

nation, and found the amount returned some four tons less than the defendant received. Mr. Vose and Mr. Davis appraised this difference at $68, and the item No. 12 is for one-half of that sum, and the plaintiff claimed that he was entitled to that sum by reason of the decision of the men agreed upon to make the valuation. I find that valuation was too high, and if the plaintiff is entitled to recover for that item in this action, and the question of value is open, I find the value of the one half deficiency which the plaintiff has charged at $34, to be $22 instead of $34, as charged."

The other facts appear in the opinion.

*Hunton & Stickney,* for the defendant.

This is an action in general assumpsit. The plaintiff's specifications, except two, allowed by the court at $2.86, properly, as the defendant concedes, are all items of account between the plaintiff and defendant, as partners in the carrying on of a farm belonging to the plaintiff, and leased and carried on by the defendant upon shares. They were all disallowed by the court as not recoverable in the action of general assumpsit, except item No. 12.

There is nothing to distinguish this item from the others. The hay was left for use of the concern. It was used by the defendant for the joint stock. It was in the nature of capital advanced by the plaintiff to the partnership. *Joy* v. *Walker,* 29 Vt. 262.

The action of account is the only proper remedy for the plaintiff. *Huxley* v. *Carman,* 46 Vt. 462 ; *La Point* v. *Scott,* 36 Vt. 603 ; *Allbe* v. *Fairbanks,* 10 Vt. 314.

*J. J. Wilson,* for the plaintiff.

It has been expressly held "that every matter, which by the rules of law could properly have been introduced, by way of amendment to the declaration, will be considered as having been added and its absence waived or cured by the reference." "The rules established by the court, in repeated cases, as to the power of the court to allow amendments, only limits it to the same

cause of action and form of action and the same parties to the suit; defects of any other character, to any extent, may be cured by amendment." *Waterman* v. *Conn & Pass. R. R. Co.*, 30 Vt. 614; *Lapote* v. *Bacon*, 48 Vt. 176; *Granite Co.* v. *Farrar*, 53 Vt. 585.

Vose and Davis appraised the value of the deficiency in the hay at $68, which would make the plaintiff's half $34, and we insist that their determination was final. Certainly the plaintiff is entitled to recover the amount found by the referee, $22.

The opinion of the court was delivered by

Ross, J. The plaintiff contends that there was error in the judgment of the County Court in allowing item 12 of the plaintiff's specifications. This item is for the balance of hay which the plaintiff furnished more than his share towards keeping the stock in the spring of 1881. The parties, March 16, 1881, entered into a contract, under seal, by which the defendant was to carry on the plaintiff's farm upon shares for two years from April 1 following. The contract is specific in reference to the stock put upon the farm, its increase and growth, and income therefrom, and in reference to the use and productions of the farm during the term. It contains no reference to the hay which was to be used to keep the stock out that spring. It would be the duty of each party to furnish one-half of the hay required for that purpose. The defendant was not, by the lease, bound to take his half from the plaintiff, and no contract was made in regard thereto when the lease was made. At the close of the lease the defendant was entitled to one-half the hay on hand, and was only bound by the lease to feed it out on the farm. Under their rights, as thus determined by the lease, when the defendant moved to the farm about the 1st of April, 1881, the parties agreed to have the amount of hay which the plaintiff then had determined by two men named, and to have them also determine how much there was then on hand when the lease terminated, and to adjust this item of hay by their determination. It was so done. The essence of this agreement was that the defendant agreed to purchase, at the appraisal of the men.

named, one-half of the hay which the plaintiff had in the barns on the place leased when he took possession of the farm, and the plaintiff agreed to receive in payment for the half so purchased by the defendant, the half of the hay on hand in the barns belonging to the defendant at the determination of the lease, at the appraisal of the same men. From this arrangement and agreement there arose an implied agreement by each party to pay the other whatever balance might be found by the appraisers agreed upon due the other growing out of the separate contract in regard to the hay which the plaintiff had in the barns when the defendant entered upon the execution of the lease. This contract had relation to the hay to be used under the lease, but the contract determining their rights under it was independent of the lease, and was fully executed between the parties, so that, when the plaintiff brought this suit, nothing remained to be done but for the defendant to pay to the plaintiff the balance, $34, ascertained to be due him from the defendant by the tribunal which the parties had mutually agreed upon for that purpose. That the same tribunal must also determine other matters between the parties growing strictly out of the lease does not change the result. The balance thus determined could be recovered by the plaintiff in assumpsit. *Bruce* v. *Hastings*, 41 Vt. 380; *La Point* v. *Scott*, 36 Vt. 603. It is said by the learned judge, who delivered the opinion of the court in the case last named: "In order to create an independent cause of action by acceptance of some portion or article of the farm productions, an express contract should be shown to take it out of the general account." In regard to this item, such a contract is shown and found by the referee. It was not a part of the contract for carrying on the farm. That was in writing and under seal. This rested in parol and was made at a subsequent time. It was wholly executed and determined when this suit was brought. Nothing remained to be done but for the defendant to pay the sum determined by the tribunal mutually chosen by the parties when the agreement was entered into. We think that the cases cited are full authority for the judgment of the County Court for the recovery of this item.

Warren *v.* Caryl.

In *Joy* v. *Walker*, 29 Vt. 257, relied upon by the defendant, the hay furnished by the plaintiff to keep the common stock, or the stock under the lease the first spring, from the declaration appears to have entered into and been governed by the stipulations contained in the lease itself, and not by an independent contract, as found in this case.

The plaintiff contended that if this were not so, inasmuch as the case was referred, and the defendant had plead assumpsit in set off he could recover this item in set-off on the contract of lease of March 16, 1881, by virtue of R. L. s. 923, although he had not filed any plea in set-off under that provision, at the time the cause was referred. He makes this claim under the repeated decisions of this court, holding that it is the cause that is referred, and that the court will render such a judgment as the facts found by the referee call for, provided the pleadings in the case could be legally so amended as to authorize the judgment. But this general statement of the doctrine applicable to judgments rendered on a referee's report has this limitation, that the amendment in the pleadings must be one to the pleadings which exist in fact, or by implication, and does not extend to bringing into the trial a new cause of action by set off or otherwise, and only to amending the declaration in the writ or in the plea in set-off, if that can be lawfully done, so as to cover the cause found by the referee, and to amending the pleas filed or treated as filed, so as to furnish any defense to the cause of action that may legally be brought in issue under the declarations already filed in the cause. In *Fulton* v. *Wiley*, 32 Vt. 762, it is held that the amendments spoken of as lawful to be made in a case referred, on the coming in of the referee's report, do not include new pleas in set-off. This contention of the plaintiff is not sustained.

*On the views first expressed the judgment of the County Court is affirmed.*