# E. E. HOLMES *v.* FRANK LARAWAY.

*Payment by order.    Acceptance.    No recovery by defendant without plea in offset.*

1.  It being understood as a part of the contract for the purchase of certain lumber by the plaintiff that the purchase price should be paid by an order on the defendant, the giving of the order by the plaintiff and its acceptance by the defendant would be a payment for the lumber, and would discharge the indebtedness of the defendant to the plaintiff *pro tanto*.

2.  The indebtedness so discharged could not be revived without the consent of the defendant.

3.  *Held*, that upon the facts in this case there was an acceptance of the order.

4.  A defendant cannot have judgment for a balance his due upon the report of a referee where no plea in offset has been filed.

General Assumpsit.   Plea the general issue.   Heard at the April term, 1891, Lamoille county, Start, J., presiding, upon the report of a referee.   Judgment for the plaintiff.   The defendant excepts.

The plaintiff claimed to recover a balance of $15 for work done.   The referee found that one item in the plaintiff's account, amounting to $1.15, had accrued to the firm of the plaintiff and was still owned by it ; but that the balance of the account, being $13.85, was due the plaintiff unless it had been paid by the giving and acceptance of a certain order.

The plaintiff purchased some lumber of one Clark.   As a part of the contract of purchase it was agreed that it should be paid for by an order on the defendant.   The plaintiff executed and delivered to Clark such an order in the sum of $15.   As to its acceptance by the defendant the referee reported the following facts :

" The plaintiff claims that there was no acceptance of this order by the defendant, even though the facts sworn to by defendant and his witnesses be true, consequently the referee reports what was said and done concerning this order, and what the parties understood the effect of their words and acts to be, and leaves the question as to whether there was a legal acceptance of the order for the Court. It is found that, at some time subsequent to the giving of the order, the exact date not being shown in the evidence, Mr. Fullington presented the order to the defendant for acceptance, a Mr. Seely and Jed P. Clark being present besides the defendant and Mr. Fullington. Mr. Clark picked the order up from the table, where it had been placed by Mr. Fullington, and said to this defendant; ' What about this order, Frank?' The defendant replied : ' I will accept this order, for it is good, and will fix it with Holmes if on settling I should not owe him so much.' I do not find that Clark did or said anything more than already stated. It is found as a fact that Clark's agent agreed with the plaintiff to take an order on the defendant for $15, if defendant was willing, as part payment for the lumber and wood sold. That at the time said order was presented the defendant undertook to bind himself to pay the $15 named in the order to Clark. The remark of the defendant at the time of the presentation of the order, that he would fix it with Holmes, if on settling with Holmes it turned out that he did not owe him so much, was not intended or understood to mean that if he owed Holmes $15 he would pay the order to Clark, but that he would pay the order in any event, and if that amount was more than he owed Holmes, then he and Holmes would settle that matter themselves."

The defendant never paid Clark the amount of the order, and the plaintiff did subsequently pay Clark for the lumber, whereupon the order was returned to him.

*B. A. Hunt,* for the defendant.

By the giving and accepting of the order the debt of the plaintiff was discharged and a new one to Clark created. 1 Par. Cont. p. 242 and notes.

*T. J. Boynton,* for the plaintiff.

At most the order only suspended the original indebtedness; which was revived upon the failure of the defendant to pay the

order. *Tory* v. *Baxter*, 13 Vt. 452; *Tracy* v. *Pearl*, 20 Vt. 162; *Hays* v. *McClurg*, 4 Watts. 452; *Burdick* v. *Green*, 15 Johns. 247; *Stebbins* v. *Kellogg*, 5 Conn. 265; *Good et al.* v. *Singleton*, 40 N. W. 359; *Russell* v. *Critchfield*, 39 N. W. 186; *Burden* v. *Halton*, 4 Bing. 585; *Rolt* v. *Watson*, 4 Bing. 273; *Woodford* v. *Whitely*, M. & M. 517; *Tarlton* v. *Alhusen*, 2 Ad. & E. 32; *Robinson* v. *Reed*, 9 B. & C. 449; *Lapley* v. *Martins*, 8 T. R. 451; *Burden* v. *Halton*, 4 Bing. 454.

The opinion of the court was delivered by

MUNSON, J. The referee has not in terms reported that the order in question was accepted, but in submitting certain facts with a view to having that matter determined by the court, we think he has in effect found an acceptance. It appears that Clark's agent presented the order to the defendant for acceptance, and that the defendant said, " I will accept this order, for it is good, and will fix it with Holmes if on settling I should not owe him so much." It is found that by this the defendant meant, and was understood to mean, that he would pay the order in any event. An unconditional acceptance of the order is thus established.

The plaintiff had bought lumber of Clark under an arrangement that he should pay for it by an order on the defendant, if the defendant was willing; and the order accepted as above stated was given in pursuance of this understanding. It will be noticed that by this arrangement the plaintiff's indebtedness to Clark was to be satisfied by the acceptance of the order, without regard to its payment. At the time of acceptance, therefore, both the plaintiff's indebtedness to Clark and the defendant's indebtedness to the plaintiff were extinguished. After this, the defendant's indebtedness was to Clark, who had taken his acceptance in lieu of a claim upon the plaintiff. Clark could not afterwards undo the transaction by returning the order to the plaintiff, nor could the plaintiff enable him to accomplish this by con-

senting to its return. The original liabilities could not be re-vived without the concurrence of all the parties interested. The defendant still owes the order to Clark, and does not owe the account upon which the plaintiff has brought suit.

The order was drawn for the amount due the plaintiff as shown by his book. The referee has disallowed a small item in-cluded in the plaintiff's charges, so that the defendant's accept-ance overpays the plaintiff's account as now ascertained. In view of this result, the referee presents an alternative finding which entitles the defendant to a small balance upon the disposi-tion now made of the order by the court. But as no plea in off-set was filed, the defendant cannot be given judgment for this balance. *Fulton* v. *Wiley,* 32 Vt. 762; *Warren* v. *Caryl,* 61 Vt. 331.

*Judgment reversed and judgment that defendant recover his costs.*