AMERICAN CAN COMPANY *v.* GUSTAVE H. GRIMM.

October Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and MILES, JJ.

Opinion filed January 19, 1907.

*Assumpsit—Reference After General Issue Pleaded—Subsequent Declaration in Offset—Whether Covered by Reference—V. S. 1437, 1156.*

Where a case in assumpsit on promissory notes, after defendant had pleaded the general issue only, was referred to be tried according

to law, and at a subsequent term, pending a continuance by the referee after a partial hearing before him, defendant, by leave of court, filed a declaration in offset based upon a claim independent of plaintiff's cause of action, and raising issues entitling the parties to a trial by jury, it was error to hold, against plaintiff's objection, that those issues went to the referee under the general reference.

GENERAL AND SPECIAL ASSUMPSIT, Rutland County. At the March Term, 1905, after the defendant had pleaded the general issue only, the case was referred to be tried according to law. Pending a continuance by the referee after a partial hearing before him, and at the March Term, 1906, *Powers,* J., presiding, the defendant by leave of court filed a declaration in offset, and the court held, against the plaintiff's objection, that the issues raised thereby went to the referee under the general reference, to which holding the plaintiff excepted. Case passed to the Supreme Court before further hearing on the merits.

*E. H. O'Brien,* and *O. M. Barber* for the plaintiff.

The issues raised by the declaration in offset were such as entitled the parties to a jury trial, hence it was error to force plaintiff to try them before the referee. V. S. 1437 authorizes compulsory reference only when the issues are not cognizable by a jury. *Rice* v. *Clark,* 8 Vt. 104; *Knapp* v. *Fisher,* 49 Vt. 94; *Jeffreys* v. *Hazen,* 69 Vt. 456; *Saunders* v. *Fire District,* 70 Vt. 561.

When a reference of an issue cognizable by jury is made, the court may not revoke or enlarge the same without the consent of both parties unless the referee fails to comply with the law as to making and filing his report, and a party cannot revoke the rule until the time for making the report has ex-

pired. *Baxter* v. *Thompson,* 25 Vt. 505; *Lazell* v. *Houghton,* 32 Vt. 579.

*Butler & Moloney,* and *P. M. Meldon* for the defendant.

A reference may be revoked, as a matter of discretion, at the request of either party. A reference is not an arbitration, as was held before the statute. *Craigue* v. *Hall & Farr,* 73 Vt. 106; *Hulbert* v. *Miller,* 72 Vt. 110.

TYLER, J. The declaration consists of the common counts in assumpsit, and two special counts declaring upon two certain promissory notes made by the defendant and payable to the plaintiff. The plaintiff filed a specification with the writ, stating that it would claim judgment only upon the two notes, both of which are dated July 20, 1902, one payable three months from date in the sum of $454.50, and the other in four months in the sum of $463.30; plea, the general issue. At the March term, 1905, of Rutland County Court the case was referred to be tried according to law. The referee met the parties for trial on February 20, 1906, when the plaintiff introduced all its evidence and rested. The defendant not being ready to proceed with the defence moved for and was granted a continuance until February 28, when he asked leave to file a plea and declaration in offset. The referee held that he had not authority to grant such leave, but continued the trial until a day past the next term of the county court to enable the defendant to make his motion in court. At that term the court on the defendant's motion granted him leave to file an amended plea or declaration in offset, and held that the issues thereby raised went to the referee under the general reference. To this holding of the court the plaintiff excepted.

The case could not have been referred under V. S. 1437 without the agreement of the parties. The language of the statute is, "The supreme or county court may,  *  *  * by agreement of parties appoint such referees in any cause pending in such court." This reference was by agreement of the parties, and the question is whether the defendant, under V. S. 1156, had a right to file a plea in offset and have the subject-matter thereof tried by the referee. That section provides that if the plaintiff, in an action founded on contract, express or implied, is indebted to the defendant in such action, on contract express or implied, the defendant, after pleading the general issue or confessing the plaintiff's cause of action, may plead such indebtedness in offset. Here the defendant, after pleading the general issue, for further plea said that the plaintiff was indebted to him in a large sum in damages occasioned by the plaintiff's breach of a certain contract that it had made with the defendant, which damages the defendant prayed might be offset against the demand of the plaintiff.

But the exceptions state that the issues raised by the defendant's plea in offset entitled the parties to a trial by jury. They further state that the plea in offset was founded upon a separate cause of action, independent of that upon which the plaintiff's cause of action rested, and that it introduced into the case an entirely new and distinct subject-matter of litigation, which was the fact for anything that appears in the plea.

The exception must be sustained. When the reference was made the case stood for trial upon the declaration and the plea of the general issue. The plea in offset that was subsequently filed presented a new subject-matter of litigation,

32.

independent of that upon which the declaration was founded. It raised issues that were triable by jury, and the plaintiff could not be deprived of the right of such trial without its consent. This holding is in accordance with the reasoning in *Fulton* v. *Wiley*, 32 Vt. 762, and in *Cook* v. *Carpenter*, 34 Vt. 121.

*The order of the County Court is reversed and cause remanded.*