JAMES F. McBRIDE v. HIEL C. McNALL, GUARDIAN, AND NETTIE KIBBE.

October Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1918.

*Trial—Referee's Report—Sufficiency—Commitment—Lease on Shares—Settlement Between Parties.*

It is not essential to the sufficiency of a referee's report that he state therein that all the facts appearing in evidence have been detailed, nor is it essential that he catalogue the evidence and dispose of it categorically.

The trial court may, on proper showing, recommit a referee's report to supply facts material to the issues which he has failed to find and report; but is justified in presuming regularity until the contrary is made to appear.

Under a lease of a farm on shares which provided that the lessee should leave the same amount of hay and fodder on the farm at the end of the term as was thereon at the date of the lease, the lessee was properly charged with all the shortage in this respect, in a settle-

ment between the parties, upon the termination of the lease by agreement before the term thereof had expired.

CONTRACT.  Plea, the general issue.  Heard on the report of a referee and plaintiff's exceptions thereto, and upon plaintiff's motion to recommit the report, in vacation after the January Term, 1917, Grand Isle County, *Slack*, J., presiding.  Judgment overruling plaintiff's exceptions, and his motion to recommit, and for plaintiff to recover damages of $5.60 and costs.  Plaintiff excepted.  The opinion states the case.

*Clarence P. Cowles* for plaintiff.

*A. G. Whittemore* and *John H. Mimms* for defendants.

TAYLOR, J.  This action is brought to recover a balance claimed to be due from the defendants on an account growing out of a farm lease.  The case was heard on a referee's report and plaintiff's exceptions thereto.  The exceptions were overruled and judgment rendered on the report for the plaintiff to recover $5.60 damages and his costs.  The plaintiff brings the case here on exceptions to the judgment and to the action of the court in overruling his exceptions to the report.

The only point made by the plaintiff on the exceptions to the report is that the referee should have reported, and expressly stated that he reported, all the facts pertinent to each issue and all those from which he drew his conclusions.  The record fails to disclose error, in this regard.  It does not show what, if any, pertinent facts appearing in evidence the referee omitted to report.  It is not essential to the sufficiency of a referee's report that he state therein that all the facts appearing in evidence have been detailed, nor is it essential that he catalogue the evidence and dispose of it categorically.  The court, on proper showing, could have recommitted the report to supply facts material to the issues which the referee failed to find and report; but would be justified in presuming regularity until the contrary was made to appear.  *Martin* v. *Wells*, 43 Vt. 428.

Under the exception to the judgment plaintiff claims that he is entitled to recover an additional sum on account of an error in settlement.  The question depends upon the construction of the contract, which was wholly in writing.  The defendant McNall, as guardian, leased to the plaintiff a certain farm with the stock and tools and a specified quantity of grain thereon, for the term

of three years from April 1, 1913, to be carried on as a dairy farm. The plaintiff covenanted that he would occupy the premises in a husband-like manner and pay the defendant a yearly rent of one half of all products of the farm including hay and grain. He was to pay one half of the taxes assessed on the property during the term, furnish one half of the seed grain, potatoes or other crops, and perform the labor on the farm without charge to the defendant. The stock was to be kept good as to number and quality and returned at the end of the term with the same amount of grain as that received. Included in the property turned over to the plaintiff under the lease was some hay and other fodder. The lease provided that: The stock on the farm was "to be fed to hay until grass at the end of the term or hay and fodder left sufficient for them, the same amount of hay, fodder and other products to be left or provided by the grantee (the plaintiff) as he receives at this time."

About April 1, 1915, by reason of impaired health, plaintiff notified the defendant that he wanted to surrender the premises and requested him to come and settle their affairs. Near the middle of April the plaintiff and defendant met and after some negotiation agreed to settle according to the terms of the lease. They selected two appraisers, who, it was agreed, should adjust among other things a shortage of hay and ensilage. The appraisers met the parties and determined the shortage to their mutual satisfaction. Thereupon the plaintiff and defendant set about settling their accounts. The defendant did the "casting of the account" and charged the plaintiff with the whole of the shortage. A small balance was found due the plaintiff which the defendant paid and the plaintiff accepted without objection. There were some matters of difference which the parties compromised to effect a settlement, though it does not appear that there was any disagreement concerning the amount to be charged on account of the shortage of fodder. Later the plaintiff claimed an error in the settlement and that he should have been charged only one half of the shortage. Such is the claim now urged.

Regardless of whether the settlement amounted in law to an accord and satisfaction, a question not decided, the claim cannot be sustained. The shortage charged and allowed in settlement was no more than the plaintiff had agreed to provide for at the end of the term. He was bound by the contract to have on the farm the same amount of hay, fodder and other products that he found when he took it. Instead of providing the hay and

ensilage to make good the shortage he elected to pay presumably what it would have cost to replace it. The contract did not require the defendant to make up any part of the shortage.

The case differs from *Warren* v. *Caryl*, 61 Vt. 331, 17 Atl. 741, relied upon by the plaintiff. There the lease was for a term of two years from April first, and the plaintiff, who was the lessor, sued for one half of a quantity of hay "used and not returned." The contract was specific with reference to the stock on the farm, its increase and income therefrom, and the use and production of the farm during the term, but contained no reference to the hay to keep the stock out the first spring. The lease gave the defendant one half of the hay on hand at the close of the term, binding him only to feed it out on the farm. By an independent contract the parties subsequently agreed to have the amount of hay that the plaintiff there had on the farm and the amount on hand when the lease terminated determined by appraisers, and to adjust the item of hay by their determination. It was held that the defendant thus agreed, in effect, to purchase one half of the hay on hand when he took the farm and the plaintiff to receive in payment therefore the half of the hay on hand at the end of the term belonging to the defendant; and that there arose from this arrangement an implied agreement by each to pay the other whatever balance there might be found due at the end of the term. Having regard for the terms of this contract, it was said that it would be the duty of each party to furnish one half of the hay required to keep the stock out the first spring.

The only other case cited by the plaintiff to this proposition is *Smalley* v. *Corliss*, 37 Vt. 486, which on examination it will be seen is an authority against him. There under a provision in a farm lease on shares that the lessor was to have one half of the gross proceeds of the farm and "as much property and value in hay, seed, teams, tools and stock" returned to him at the end of the term as he delivered to the lessee, it was held that the lessee had bound himself to return the property he received, or its equivalent in value, even though the loss or depreciation was wholly without his fault. Like that in *Smalley* v. *Corliss*, the language of the contract under consideration is clear and unequivocal and does not admit of the construction that the plaintiff claims. The court did not err in rejecting this item of the plaintiff's specification.

*Judgment affirmed.*