FRANK H. INGRAHAM *vs.* ISAAC BERLIAWSKY.

Knox.    Opinion September 6, 1929.

*Frank H. Ingraham,*
*Adelbert L. Miles,* for plaintiff.
*Rodney I. Thompson,*
*F. A. Tirrell, Jr.,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BASSETT, FARRINGTON, JJ.

FARRINGTON, J.    The case comes up on an agreed statement. On April 20, 1926, Marcia A. Burch recovered a judgment for eighteen hundred seventy-six dollars and eighty-nine cents ($1,876.89) against Isaac Berliawsky the defendant. This judgment was on October 22, 1926, assigned by Marcia A. Burch to Frank H. Ingraham, the plaintiff. Suit was brought on the judgment and the action was entered at the January Term, 1927, of the Supreme Judicial Court for Knox County.

At that Term this case, No. 4304, was, together with two other cases, referred to as No. 4163 and No. 4345, and a bill in equity, the nature of none of which last three cases nor the parties thereto are disclosed by the record, referred to referees, to whom the Commission was issued January 27, 1927. A hearing on No. 4304 was held on March 11, 1927, after final adjournment of the January Term. At the hearing the defendant asked leave to file a brief statement alleging certain set-offs, as to which there is nothing before the court to show the other parties concerned, and also set-off of a judgment in No. 4345, and also a judgment in No. 4163.

The referees in their report found that "said brief statement alleging set-offs aforesaid was not filed during the term to which the writ in this case was returnable and that said referees can not now receive it, and set-off can not be allowed."

The referees also found that the assignment of the judgment above mentioned by Marcia A. Burch to Frank H. Ingraham, the plaintiff, was for a valuable consideration and was not colorable.

The report of the referees on the instant case, received and filed

on the fourth day of the April Term, 1927, awarded judgment for the plaintiff in the sum of eighteen hundred and seventy-six dollars and eighty-nine cents ($1,876.89), together with interest from April 20, 1926, the date of judgment, to the amount of one hundred three dollars and fifty-four cents ($103.54).

The presiding Justice on the tenth day of the April Term, 1927, re-committed the report to the referees "for the purpose of modifying report in such manner as they deem necessary to present any questions of law that they desire for consideration of the Court."

Pursuant to this re-commitment the referees again met and reported that they desired to have the Court determine (1) whether or not the hearing before the referees was a continuation of the January, 1927, Term of entry of the writ; (2) whether the brief statement, not having been filed in Court during said January Term before final adjournment, could be received and considered by the referees, and (3) whether the assignment from Marcia A. Burch to the plaintiff was for a valuable consideration or was colorable.

If the Court should decide that the assignment was for a valuable consideration and not colorable and if the various items of set-off were not legally before them, judgment was to be awarded for the plaintiff in the sum of eighteen hundred seventy-six dollars and eighty-nine cents ($1,876.89) with interest from April 20, 1926, the date of judgment.

The doctrine of set-off did not exist at common law. At common law if a defendant had accounts or claims against the plaintiff, he could enforce them only by an independent action commenced by him against the plaintiff. 24 R. C. L., p. 801, Sec. 10, and cases cited.

The right in this state, therefore, to set off one demand against another is wholly regulated and determined by statute and the rights of parties must depend upon the provisions of law by which it is regulated. *Houghton* v. *Houghton*, 37 Me., 72; *Robinson* v. *Safford*, 57 Me., 163; *Call* v. *Chapman*, 25 Me., 128; *Smith* v. *Ellis*, 29 Me., 422.

Sec. 74, Chap. 87, Revised Statutes, provides as follows: "Demands between plaintiffs and defendants may be set off against each other as follows:

The defendant during the term to which the writ is returnable, *must* file a brief statement of his demand, in substance as certain as in a declaration, which by leave of court may be amended. The clerk shall enter on it and on the docket the date, and on the docket, under the action, notice of the filing."

It is undisputed and in the record that the defendant did not, prior to the final adjournment of the January Term, 1927, file any brief statement of any demand in set-off.

The time of the commencement of a term of court is fixed by statute, and the end of a term is fixed by the final adjournment of the court for that term. *Bronson* v. *Schulten,* 104 U. S., 410; *Parsons* v. *Hathaway,* 40 Me., 132; *Moreland* v. *Vomilas,* 127 Me., at p. 499.

The hearing before the referees was, therefore, not a continuation of the January Term, 1927.

If the instant case had not been referred at the January Term of entry and had been tried at that Term, or if it had been continued to the April Term following and at that Term, or at a subsequent Term, it had come to trial before a jury or before the presiding Justice, without jury, the failure on his part to have filed the brief statement required by the provisions of the foregoing Sec. 74, of Chap. 87, would have prevented the defendant in that suit from receiving any advantage from demands he may have had against the plaintiff.

It is well settled that a defendant can not avail himself of any demand he may have against the plaintiff, unless it has been filed in set-off pursuant to the provisions of the statute. *Wood* v. *Warren,* 19 Me., 23; *School District* v. *Deshon,* 51 Me., 454.

And where there is not a strict compliance with the provisions of the statute, the Court is not authorized by it to allow a set-off to be made. *Pond* v. *Niles,* 31 Me., 131.

Does the fact that this case was by agreement of parties referred to referees, instead of being tried before a jury or heard by the Court, relieve the defendant, if he wishes to claim set-off, from the necessity of filing, during the term to which the writ was returnable, a brief statement of his demand in set-off as required by the statute?

We believe that the defendant is not relieved from the necessity

under the statute of filing his brief statement of set-off during the return Term of the writ. There was ample time, after the reference, and before final adjournment of court, for the defendant to have filed his brief statement so that in any event he would have been protected. He failed to do so.

If a cause be referred before any plea in set-off has been filed, and the rule of reference does not provide for the adjustment of claims in set-off, the referee has no authority to consider any such claim. *Fulton* v. *Wiley*, 32 Vt., 762.

In *Fulton* v. *Wiley*, Pierpont, C. J., says, "If this case had been tried in the County Court, it is very clear that the defendant could have availed himself of the note only by a plea in set-off. But it is said that upon the trial before the referee, the same rule does not apply," and further on he continues, "An off-set can not be said to be an answer to the plaintiff's claim or to his right of action; it is conceding the claim of the plaintiff, and his right to recover thereon, and then setting up a counter claim in his favor against the plaintiff and asking the court to make the application. It is introducing an entirely new and distinct subject matter of litigation, one that is separate from, and independent of, the one declared upon, one that is in no sense embraced in the subject matter referred. To allow it would be to introduce a controversy as foreign from the matter referred, as would be any claim of the plaintiff separate and distinct from the one declared upon. And there would be no more propriety in allowing the introduction of the one than the other. If the defendant would avail himself of an off-set to the plaintiff's claim, he can do it only by a plea for that purpose, and if he neglects to avail himself of such plea by filing it before the case is referred, he can not avail himself of such defense before the referee.

If the defendant files a plea in set-off, the plaintiff may then, by his replication thereto, bring in any other cause of action he may have against the defendant, proper to be presented as an off-set to the defendant's claim.

If all this is done before the suit is referred, the reference carries the whole matter before the referee, and an examination of the pleadings show precisely what is referred and what the parties are to meet. But to allow the reference to have that effect before the

pleas in off-set are filed, would turn every reference of a suit in court into a general reference of all matters in controversy between the parties."

Counsel for defendant cites the cases of *Collins* v. *Campbell*, and *Campbell et al* v. *Collins*, 97 Me., 23, as authority for the proposition that "courts of common law have an equitable jurisdiction in cases of set-off independent of the Statute" and that "by the exercise of this equitable jurisdiction the courts are enabled to do justice between the parties in cases not strictly within the Statute," but these cases do not hold that a defendant can dispense with the provisions of the statute relating to the filing of brief statements in set-off during the term of entry. That point was not involved in the cases. They came up under another statute relating to right of set-off of judgments in cross actions, Chap. 81, Revised Statutes, Sec. 77 (now Chap. 86, Sec. 80), a statute which did not authorize the set-off of a judgment to be recovered in an action of a firm against the judgment which a non-resident plaintiff may recover in his action against one of the partners. They decided only what might equitably be set-off in spite of the statute and are not to be regarded as in any way changing or attempting to change the plain and unmistakable provisions of Chap. 87, Sec. 74, which says "The defendant, during the term to which the writ is returnable, *must* file a brief statement of his demand, etc." The *Collins* v. *Campbell* cases were cross actions on foreign judgments, and both cases were defaulted and went to judgment separately. They involved a matter of set-off of judgments, and had nothing to do with the statute requiring the filing of brief statements by defendants claiming set-off.

According to the agreed statement, entries showing reference of No. 4163 and No. 4345 were made on the third day of the January Term, 1927, and the reference of the bill in equity was made on the fourth day of the Term. The date of the reference in the instant case, No. 4304, is not shown by docket entry. The agreed statement shows complete docket entries in No. 4304, but no docket entries are shown in the other cases above referred to.

A certain claim for waste, taxes, and insurance, No. 4467, it is agreed was not included among the actions referred, action having been brought subsequent to the references.

Nothing appears in the agreed statement to show that there was any understanding or agreement or intention that these several cases should be considered jointly, and no provision was made in the rule of reference for adjustment of claims in set-off. As far as the record discloses, each case was referred separately and was to be heard separately. A separate report was made on the instant case and it may be fairly assumed that each case was heard separately and that a separate report was made in each case. There is nothing before us to show what the reports in the other cases were or what was done with them. The other reports, one or all, may have been accepted and continued for judgment, as far as the record in this case discloses.

The only questions with which we are concerned are, as has been stated, (1) whether or not the hearing before the referees was a continuation of the January Term, 1927; (2) whether the brief statement, not having been filed in Court during said January Term before final adjournment, could be received and considered by the referees, and (3) whether or not the assignment to the plaintiff was for a valuable consideration or was colorable, and all these questions relate to No. 4304, the case which comes up on the agreed statement, and, as far as our consideration is concerned, they relate to no other case.

We therefore find that, on account of defendant's failure to file it during the time required by statute, the referees properly refused to receive the brief statement and to consider the set-offs claimed under it.

The referees in their first report, and in the second report after re-commitment, found that the assignment of the judgment to the plaintiff was for a valuable consideration and was not colorable. As far as this phase of the case is concerned, inasmuch as it involves a question of fact and not a question of law, it is for the referees to decide and they have made their finding and have found the fact, and that having been done, the question is not before this court.

On the authority of the stipulations of the report, judgment should be entered for the plaintiff for the sum of eighteen hundred seventy-six dollars and eighty-nine cents ($1,876.89), with interest from April 20, 1926, the date of the original judgment.

*So ordered.*